Barksdale, adm'r, and White, garnishee, vs. Greene.

TERREL BARKSDALE, administrator, and ANDREW J. WHITE, garnishee, plaintiffs in error, vs. JAMES W. GREENE, defendant in error.

[1.] A judgment cannot be vacated on account of grounds which could have been taken before judgment, but have been negligently omitted, or taken and overruled.

[2.] Where a case is pending in Court, all matters germain to it, may be introduced by way of amendment of the pleadings, and be then adjudicated along with the original matter, or the whole referred to arbitration, and the award made the judgment of the Court, according to the Judiciary Act of 1799.

Motion to set aside judgment, in Upson Superior Court. Decision by Judge CABANISS, at May Term, 1859.

This was a motion by Terrel Barksdale, administrator of Macharina Bunkley, deceased, to set aside a judgment rendered in the Superior Court of Upson county, against said Barksdale, for counsel fees. In connection with this motion, was one by the counsel, to enter judgment against Andrew J. White, a debtor of said Terrel, who had been garnisheed—which two motions were heard together.

The judgment against Barksdale, had been obtained about as follows :

All the parties litigant and in interest in the case or cases pending or disposed of, respecting the contested wills of Macharina Bunkley, deceased, and her estate, entered into an agreement, whereby they fully, and finally adjusted, settled, and disposed of all the matters and questions in controversy between them, except the payment of counsel fees, and as to these, they agreed " to refer the whole question of counsel fees and the amount to be paid by Terrel Barksdale as above stated, in the whole litigation under said wills, and which have not heretofore been paid or are not herein above expressly provided for," to the Judge of the Superior Court of Upson county, to be settled by him at the May Term, 1858, of said Court; "said Court to hear and determine the whole

## ATLANTA, AUGUST TERM, 1859.    419

Barksdale, adm'r, and White, garnishee, vs. Greene.

questions of law and fact, and to adjudge and determine what fees are chargeable upon, and to be paid out of said estate, and also by the several parties and the amounts to be paid to each of the counsel," and by whom to be paid; reserving to each of the parties, and allowing to any of the counsel, who may thus submit the question of fees, the right to except to said decision and carry the same to the Supreme Court," &c.

Under this agreement and reference, the Judge awarded and adjudged to the counsel in said cases, certain sums to be paid to them respectively, by said administrator, and for which judgments and executions were issued.

Afterwards, at May Term, 1859, said Barksdale moved to set aside and vacate said judgment, on the following grounds, to-wit:

1st. Because, by the terms of the agreement, the same was not to be binding until all the parties signed it, and defendant alleges, that all the parties in interest did not sign said agreement before said judgment was rendered, nor have they signed it since.

2d. Because said case was heard, and the award made in the absence of many of the parties, and without notice to them.

3d. Because the parties were not called on by the Judge, the arbitrator, to answer whether they were ready for the hearing of said cause.

4th. Because said agreement was signed by some of the parties as executors, administrators and guardians, and is not binding upon the parties in interest, or represented.

5th. Because no notice was given that all the parties had signed said agreement, before the cause was heard and the award made.

Upon the hearing of this motion, defendant moved that the issues be submitted to a jury. The Court refused to submit the question as to the validity of the judgment to a jury,

holding that it was a question to be decided by the Court. To which decision defendant excepted.

After hearing the evidence and argument of counsel, the Court refused the motion to set aside the judgment, and ordered judgment to be entered up against the garnishee. To which decision counsel for defendant excepted.

JAMES M. SMITH, for plaintiff in error.

PEEPLES & CABANISS; and GREENE, contra.

By the Court.—STEPHENS J. delivering the opinion.

This is a motion to vacate a judgment. First, because all the parties to the submission had not *signed*, when the judgment was rendered. Second, because all the parties did not have *notice* when the hearing would be had. Third, because all the parties were not ready when the hearing was had. All of these grounds are met by a *single* view. Let it be borne in mind, that Terrel Barksdale was the only party moving to vacate the judgment. *He* had signed the submission ; *he* had notice, and *he* made no suggestion of unreadiness, and was present in Court when the judgment was rendered. If the want of these things as to *other* parties was a defence for *him*, he was bound to make it *before* judgment. The *jurisdiction* of a Court being established, its judgment is conclusive (unless an appeal or writ of error be taken to a higher tribunal) as to all defences which could have been made but were negligently omitted. All such defences become *res adjudicata.* If a judgment does not settle *these*, it settles nothing—it is not only not an end of litigation, but it is not an approximation to the end—there can be no end. But there is another ground which attacks the jurisdiction of the Court. It is said the submission was to the Judge and not to the Court. To this, there are two conclusive answers. Such is not the true reading of the submission. It does say that

Barksdale, adm'r, and White, garnishee, vs. Greene.

the matters of law and fact involved shall be submitted to the *Judge* of the Superior Court, but we understand this to mean only a waiver of a jury upon matters of fact, for immediately afterwards, it provides that the *Court* shall decide the controversy at the May Term, &c., and adds, that either party shall have the right to *except* and carry the case to the Supreme Court. Is it credible that the skillful lawyers who framed that submission, supposed a case could be carried to the Supreme Court on a writ of error from the decision of an *arbitrator?* It is plain to us, that the true meaning of the submission taken as a whole, was to submit the controversy to the *Court, waiving a jury.* Again; even if the Judge were a mere arbitrator as contended, and not acting as a Court, yet the decision made by him was, by an order at the same Term, made the *judgment of the Court* in exact conformity with the Arbitration Act of 1799. See *Cobb's Dig. p.* 487. But it was said that neither of these answers are good, because there was *no case in Court,* and the parties could not put it there by their mere agreement, and the Arbitration Act does not apply except to cases *pending in Court.* The reply to this position is a simple recital of a few facts. There was pending in the Court a bill to review and set aside a former judgment (whether on good grounds or not, is immaterial,) refusing probate to a paper propounded as the will of Mrs. Bunkley. The will, if set up, disposed of her whole estate, and therefore the pending case involved the whole estate. To that bill, every party to this submission, and every person interested, either as heir at law or as legatee, was a *party,* duly served and legally in Court. They met together and agreed upon a settlement of the whole matter with one exception, and put the agreement in writing, and provided that it should be *filed as a Court paper.* It was so filed and we hold that it thence became a part of the pleadings in the pending case—an amendment germain to the original bill. The exception was counsel fees—how much, and who should pay them. The agreement provided

for the settlement of this excepted matter by referring it to the decision of the Court without a jury. The judgment which might be rendered on that matter, was to form a part of the whole. It was so rendered, and as there was no writ of error taken on it, we clearly think it must stand, as a part of a settlement which adjudicates and puts to rest the whole litigation pending in the Court.

Judgment affirmed.