## DORTIC *vs.* LOCKWOOD.

61  293
86  655

1. Mere irregularities in the proceedings which led to a judgment, are not sufficient grounds upon which to base a motion to set aside such judgment.
2. An act which provides that the judge of a city court shall render judgment without a jury when no issuable defense is filed on oath, is constitutional. To prescribe the mode of obtaining a jury is not to deprive a litigant of the right of trial by jury.
3. The courts do not favor dilatory motions to set aside judgments, especially where there has been personal service.

Judgments. Practice in the Superior Court. Constitutional law. Before Judge UNDERWOOD. Richmond Superior Court. April Adjourned Term, 1878.

Lockwood brought assumpsit against Dortic to the August term, 1872, of the city court of Augusta. The declaration contained two counts, one in the ordinary form, the other on the copy-note of which the original was alleged to have been lost. Attached to the declaration was a copy-note and affidavit as follows :

AUGUSTA, GEORGIA, May 14, 1868.

One day after date I promise to pay to the order of R. W. Lockwood, eight hundred and ninety-four dollars and twenty cents, value received.                                    W. T. DORTIC.

$894.20.

GEORGIA, Richmond County, City of Augusta.

Personally appeared Joseph P. Carr, who being duly sworn, says

the original of the above copy-note was lost while in his hands for collection, and cannot be found, and that the same remains wholly unpaid.                                        JOSEPH P. CARR.

(Sworn to before a notary.)

The sheriff made this return : " Personally served a copy of the within process on the defendant, W. T. Dortic, this 9th day of August, 1872.  H. M. LEVY, dept. sh'ff. C. A." No issuable defense was filed on oath.

August term, 1872, of the city court of Augusta opened on Monday, the 26th, being the fourth Monday in August, 1872, and adjourned to the court in course on Saturday, August 31, 1872, and during the term the court entered default upon the docket in the case.

At the November term, 1872, of the city court, judgment was rendered by the court.

By act of February 28, 1876, (to take effect January 1, 1877) the city court of Augusta was abolished, and its unfinished business was transferred to Richmond superior court.

For the other facts of this case see the decision.

SALEM DUTCHER, for plaintiff in error, cited as follows : Judgment by the court error, Cobb's Dig., 604, 611, 614, 615, 1136, 1125 ; 30 *Ga.*, 679 ; Code, §3457 ; 7 *Ga.*, 364 ; 13 *Ib.*, 76 ; 55 *Ib.*, 380 ; 5 *Ib.*, 186 ; Cobb's Dig., 610 ; 53 *Ga.*, 238 ; acts 1872, p. 141 ; 44 *Ga.*, 338-9.   Unconstitutional, const. 1868, art. v., sec. 3, par. 3 ; *Ib.*, sec. 13, par. 1 ; 51 *Ga.*, 266 ; 46 *Ib.*, 398-9 ; 57 *Ib.*, 80, 325, 354 ; 38 *Ib.*, 639 ; 41 *Ib.*, 76 ; 43 *Ib.*, 367 ; 46 *Ib.*, 605 ; 48 *Ib.*, 551 ; 59 *Ib.*, 104 ; const. 1877, art. vi., sec. 4, par. 5, 6.   On first six grounds of motion, 57 *Ga.*, 608 ; Code, §§3982-3986, 3933, 3934 ; 45 *Ga.*, 129 ; 32 *Ib.*, 219 ; 33 *Ib.*, 453.

FRANK H. MILLER, for defendant, cited as follows : Motion too late, acts 1876, p. 100 ; 53 *Ga.*, 138 ; *Ib.*, 153 ; 60 *Ib.*, 299, 353 ; *Wicker vs. Schofield*, (Aug. Term, 1878.)   On first six grounds, Code §3989 ; 42 *Ga.*, 462 ; 60 *Ib.*, 131 ; 12 *Ib.*, 507 ; 25 *Ib.*, 225 ; 30 *Ib.*, 121, 545.   No jury demanded, 45 *Ga.*, 139.   Judgment right, Cobb's Dig., 611 ;

act Feb. 15, 1856 ; Code, §§5145, 5150 ; acts Oct. 12, 1870, and Aug. 24, 1872 ; 57 *Ga.*, 25 ; 60 *Ga.*, 406.

WARNER, Chief Justice.

This was a motion to set aside a judgment obtained in the city court of Augusta on the 25th day of November, 1872, on the following grounds : 1. Because no notice containing a copy of the note on which the judgment was rendered was personally served on the movant prior to the commencement of the suit on such copy-note. 2. Because the original of the copy-note was not stamped according to the internal revenue acts. 3. Because the copy-note was not so stamped. 4. Because the affidavit purporting to verify the copy-note was not made by the owner of the original, or his agent, or legal representative. 5. Because the copy-note was not established according to law. 6. Because the plaintiff, in his declaration, set out no legal cause of action against the movant. 7. Because the judgment is not based on the verdict of a jury. 8. Because the city court had no jurisdiction to render such judgment. 9. Because the judgment is illegal. The court overruled the motion on all the grounds, and the movant excepted.

1. The motion to set aside the judgment was filed on the 18th of May, 1878. It appears from the record before us that the defendant was *personally* served with the declaration and process in the suit in which the judgment was rendered against him, as required by law. The city court of Augusta having jurisdiction of the person of the defendant and of the subject matter of the suit in which the judgment was rendered, and there being a legal cause of action set forth in the plaintiff's declaration, the first five grounds taken in the motion were merely *alleged* irregularities had upon the trial of the case, and constituted no legal grounds for setting aside the judgment.

2, 3. The seventh, eighth and ninth grounds will be considered together. It appears from the record that there was no issuable defense filed on oath nor trial demanded, and

that judgment was awarded by the court without a jury. This is complained of as depriving the defendant of his constitutional right of trial by jury. The act of 1870 authorized the city court of Augusta to render judgment without the verdict of a jury, in all civil cases founded on contract, where an issuable defense was not filed on oath. This act did not deprive the defendant of the right of trial by jury. All that he had to do to obtain it was to file an issuable defense on oath, which he failed to do. By the act of 24th of August, 1872, the judge of the city court of Augusta was authorized to give judgment in all civil cases of which that court had jurisdiction, and award execution thereon; *provided always*, that either party in any case shall be entitled to a trial by jury upon entering a demand therefor in writing, on or before the call of the docket of said court to which the case is returnable. But it is said the court to which the case was made returnable was held on the fourth Monday in August, 1872, and that said act was passed on the 24th of August, 1872, therefore there was not sufficient time for the defendant to have had notice of its passage, as required by the third section of the Code, so as to enable him to have demanded a jury trial at that term of the court. Be that as it may, the judgment was not rendered against him until the 25th of November, 1872, so that if the defendant had been anxious for a jury trial he could have opened the default, and have demanded a jury at the trial term of the case, but the defendant made no effort to obtain a jury trial, either by filing an issuable defense on oath, or by demanding it at any time before judgment, but on the contrary has laid by for nearly five years and a half without having made any motion to set aside the judgment of which he now complains. The courts do not favor such dilatory applications to set aside judgments, especially when there has been personal service on the defendant as in this case. *Dobbins vs. Jenkins,* 51 *Ga.,* 203.

Let the judgment of the court below be affirmed.