### SPEER *et al.*, executors, *vs.* SPEER.

1. Where it was sought to have the court of ordinary revoke and set aside the probate of a will in solemn form, on the petition of one who had been served and was a party to the proceedings to admit the will to probate, such application should have been made within three years from the rendering of the judgment sought to be vacated.

2. This court is satisfied, from the facts disclosed by the record, that the executor in this case acted fairly and in good faith to the widow of the decedent, and that his conduct is free from all fraud; and also that the paper propounded was the last will and testament of the deceased; and if the judgment were opened, the court would have to so declare.

(*a.*) The court should have granted a new trial in this case, the verdict being without evidence to support it.

January 21, 1885.

Statute of Limitations. Judgments. Wills. Administrators and Executors. New Trial. Verdict. Before Judge HARRIS Troup Superior Court. April Term, 1884.

Mrs. Eliza Speer, as widow and sole heir-at-law of John A. Speer, deceased, filed her petition, on February 4, 1884, to set aside the probate in solemn form of the will of her deceased husband, alleging, in brief, as follows: On November 8, 1879, John A. Speer died, leaving a considerable estate. On the 19th of that month, shortly after the loss of her husband, and while she was in great affliction, greatly fatigued from travel, and worn down and sick from having nursed him, and not in a condition to transact business understandingly, D. N. Speer, one of the persons who propounded the will as executor, knowing her condition, presented to her, in the city of Atlanta, a paper, saying it was something which the heirs of said deceased must sign, but not telling her the contents of it, or explaining what it was or what would be its effect, or giving her time to read it. She supposed that the signing was some trifling affair of mere form, and thereupon signed the acknowledg-

ment of service ; and she did not learn what its force and effect was until a few days before the filing of this petition. D. N. Speer was largely interested under the will, and was a brother-in-law of the movant; and having promised his brother, shortly before the death of the latter, to be the protector of the movant, a confidential relationship existed between them, devolving on him the duty of fully explaining to her the effect of the acknowledgment; and his not doing so was a fraud on the movant, especially as he was an attorney at law.    At the time of the execution of the will and for a long time before and after that period, John A. Speer was mentally incompetent to make a valid will, and its making and his failure to revoke it, he being greatly dissatisfied therewith, were both owing to the undue influence exercised over him by D. N. Speer.    All these facts were known to D. N. Speer at the time he obtained the acknowledgment of service ; but by reason of the procurement of this acknowledgment and her ignorance of its effect, she was not present at court to interpose a caveat to the probate of the will.    Other legatees in the will were made parties, and it was prayed that the probate be declared null and void, and that the executors again propound the will, or, at least, that the probate already made be declared to be a probate only in common form.

Respondents demurred to the petition on the following grounds :

(1.) No copy of the will is exhibited.

(2.) It is not alleged that the petitioner has renounced her legacies and declined to take under the will.

(3.) It appears on the face of the petition that these proceedings were not instituted within three years from the date of the judgment of probate, and no sufficient excuse is alleged for the delay.

(4.) If aggrieved, the petitioner had an ample remedy by appeal, and no good reason is shown why she failed to avail herself of it.

(5.) It is not alleged who are the legatees named in the

will, or how or to what extent petitioner's interests conflict with theirs.

(6.) Because the legatees named in the will are not all made parties or brought before the court.

(7.) Because the allegations of mental incapacity in the testator and undue influence on the part of D. N. Speer are too vague and indefinite, and no ground of defence against the will is alleged, even if the probate should be set aside and a caveat allowed.

(8.) Because the petition is insufficient in law.

(9.) Because the petition does not show that the movant was free from negligence in signing the acknowledgment of service, or how she discovered the probate in solemn form, and why she did not discover it sooner, or why she did not move before to set aside the probate.

Respondents, D. N. Speer, George A. Speer and W. J. Speer, answered the petition, in brief, as follows: They deny that the movant was, in any manner, overreached or deceived in making the acknowledgment of service, or that she did not know what she was doing, and allege that the proceedings were read over to her at the time by D. N. Speer. She was a person of unusual cultivation and intelligence, in good health and in possession of all her faculties, and well understood the nature of the business in hand; no advantage of any kind was taken of her, and no deceit or fraud was practiced upon her in any manner, but she acted knowingly and intelligently, and did not resist the probate of the will, because she knew that it could not be successfully done and that the will was valid. Movant, with full knowledge of the facts, elected to take under, and not against, the will, litigated with the respondents on the question of dower, asserted the validity of the will, and has received from the executors the annuities given by said will, amounting to $2,901.10 up to January 1, 1884, receipting therefor as legatee, and this she holds and has neither returned nor offered to return it. On the faith of the validity of the judgment probating the will, and with-

out objection from the movant, the executors have gone forward with the administration, have sold the real estate and have paid debts and legacies as far as due, and the rights of third persons have attached.   Movant is estopped by her conduct from disputing the validity of the probate; she knew of the return of service upon her at the time, but made no objection thereto until now.   The judgment of probate was taken at the December term, 1879, of the court of ordinary of Troup county, and the proceedings to set aside this judgment were not instituted until February 4, 1884, more than three years after the date of the judgment, and are barred by the statute of limitations.   It is denied that John A. Speer was mentally incompetent to make a will, or that D. N. Speer exercised over him influence of any kind in respect thereto.

The ordinary denied the application to set aside the probate, and movant appealed.   The evidence was very voluminous, and need not be set out in detail.   The jury found in favor of the movant.   Respondents moved for a new trial, on the following among other grounds:

(1.) Because the verdict is contrary to the evidence, strongly and decidedly against the weight of the evidence, and without sufficient evidence to support it.

(2.) Because the verdict is contrary to law and against the principles of law and justice.

(3.) Because the court overruled the demurrer to the petition.

(4.) Because the court refused to give the following charge: "If you believe that the plaintiff, at least ten days before the rendition of the judgment complained of, in writing acknowledged service on the original petition of propounders, and waived copy and all further service, she would be bound by the judgment rendered, unless she was debarred and deterred from knowledge of what she was signing by the fraud of the opposite party in procuring the acknowledgment, unmixed with negligence on her part; and if you believe that such fraud on the part of one of

the propounders has been proved, yet if you also believe that the circumstances were such as to put a reasonable person, like circumstanced as she was, on inquiry, and she did not inquire nor ask the contents of what she was acknowledging service upon, nor read the same, nor have it read, or if you believe she did not inquire because she suspected she would not understand the answers, then and in that event your verdict should be for the respondents."

(5.) Because the court refused the following charge: "If you believe such fraud existed, and if you further believe no negligence on part of movant existed, then the statute of limitations would not run against movant until the discovery of the fraud, but if notice in writing was at any time given to the movant, by one of the propounders, that the judgment probating the will in solemn form had been rendered, from the time of the reception of such notice, the statute would begin to operate; and if more than three years elapsed between the time of the reception of such notice and the filing of this petition, the movant would be barred, and your verdict should be for the respondents, nor would it avail anything if movant were afterwards misled by her own counsellors and agents."

(6.) Because the court refused to charge at all on the subject of the statute of limitations, holding that the issue was solely whether the judgment rendered by the court of ordinary was void or valid, and that the statute of limitations was not at issue in this case.

(7.) Because the court refused to charge on the subject of estoppel

(8.) Because the court charged as follows: " The sole and only question for you to determine by your verdict is this: Did D. N. Speer fraudulently procure Mrs. Eliza Speer to acknowledge service on the motion to probate the will of John A. Speer, and was she kept in the dark as to what was being done by his fraudulent acts, and thus had no notice, and was she free from negligence or fault on her part?"—The objection was that this excluded from

the consideration of the jury the questions as to any acquiescence of movant, as to delay or limitation in moving against the judgment, and as to estoppel of movant in attacking the same.

(9.) Because the court admitted evidence of movant that, in 1874, John A. Speer had paralysis of the vocal chords, which made it difficult for him to speak, and that he was addicted to the use of opium in his last years; also all other evidence regarding the mental incompetency of the testator.—The objection was that the evidence was irrelevant.

(10.) Because the court refused to continue the case on the application of respondents, on the ground that they were surprised at the evidence mentioned in the ground next · preceding, and could meet and overcome it by the evidence of the physician who attended the testator at the time the occurrences were alleged to have taken place, if time were given to procure the attendance of the witness.

(11.) Because the court admitted in evidence a prior will of John A. Speer, which had been revoked.—The objection was that it was irrelevant.

(12.) Because the court, having charged as follows, "You are not to determine, by your verdict, whether the paper admitted to probate was, in fact, the last will and testament of John A. Speer or not, nor whether it was a just will or not, nor whether John A. Speer had mental capacity to make a will or not, nor whether D. N. Speer, by undue influence, procured John A. Speer to make this will or not, nor whether John A. Speer was satisfied with his will or not,"— added the following charge: "·The court has admitted evidence on these questions solely for your consideration on the question whether D. N. Speer may have had any motive or not in practicing a fraud upon Mrs. Eliza Speer, the movant in this case; and I now submit to you the legal principles controlling these particular questions only to enable you to properly consider these facts just referred to, as they bear upon the sole and only

issue your verdict will determine, namely, whether or not Mrs. Eliza Speer had legal notice of the motion to probate this will in solemn form."—The objection was that the latter charge was an expression of opinion on the evidence, and confined the jury to consideration of the motives of D. N. Speer only, without reference to those of movant also.

The motion was overrulea, and respondents excepted.

A. H. Cox; HILLYER & BRO.; C. ANDERSON, for plaintiffs in error.

REED & REINHARDT: F. M. LONGLEY: for defendant.

BLANDFORD, Justice.

John A. Speer, of Troup county, died November 8th, 1879, leaving the defendant in error his widow, and no child. He left a will, by which he appointed the plaintiffs in error his executors. This paper was propounded before the court of ordinary for probate in solemn form of law, as the last will and testament of testator, by the executors named in the same. Service was acknowledged on the petition and citation for probate by Mrs. E. Speer, the widow, November 19th, 1879. At the December term, 1879, of the court of ordinary, the paper was admitted to probate in solemn form of law. On the fourth of February, 1884, the defendant in error filed her petition to the court of ordinary, praying to have the probate of said will revoked and set aside upon several grounds mentioned therein. The case was carried by appeal to the superior court.

On the trial of the case in the superior court, the plaintiffs in error demurred to the sufficiency of the petition on several grounds. The demurrer was overruled by the court, and this is the first exception upon which error is assigned.

The plaintiffs in error then filed their answer to the petition, and the parties being at issue, much evidence was

submitted on the trial of this case. The jury having found the issues submitted in favor of the defendant in error, the plaintiffs in error moved the court for a new trial, upon various grounds, which will be found in the report of this case. The court overruled the motion for new trial, and this judgment is excepted to, and to review and reverse this ruling of the court this writ of error is prosecuted to this court.

We are of the opinion that the demurrer of plaintiffs in error to the petition filed by defendant in error should have been sustained, because, this being a proceeding to vacate and set aside a judgment of a court in a proceeding in which the movant was a party, and had been served, or acknowledged service of the same, it should have been made within three years from the rendering of said judgment. Such is the law as expressly declared by our Code, sec. 2914 (a); 61 *Ga.*, 296; 64 *Id.*, 497. Over three years had elapsed before this motion was made, and the petition does not show any sufficient reason in law why the motion was not made within the time prescribed by the statute. This is sufficient to determine this case without more, as we are fully satisfied from the facts, as disclosed by the record, that the executor acted fairly and in good faith to the defendant in error, and that his conduct is free from all fraud. Besides, we are satisfied that, from the evidence in the case, the paper propounded was the last will and testament of the deceased, John A. Speer, and if the judgment was opened, the court would have to so declare.

The court should have granted a new trial in this case, the verdict being without evidence to support it.

Judgment reversed.