<hr />

EMMA SMITH, as Administratrix, etc., of JOHN SMITH, Deceased, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

*Negligence of a fellow-servant — a railroad corporation protected by the promulgation of proper rules.*

Where a railroad corporation has established and promulgated rules relating to the movement of its trains and the government of its employees, and it appears that had the rules been followed no accident would have occurred, the administrator of an employee of the corporation, whose death was caused by a violation of its rules by a co-employee, cannot recover the damages resulting from such death.

APPEAL by the plaintiff, Emma Smith, as administratrix, etc., of John Smith, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Rensselaer on the 9th day of March, 1894, upon the dismissal of the complaint directed by the court after a trial at the Rensselaer Circuit before the court and jury, and also from an order made on the 27th day of February, 1894, directing a nonsuit..

The action was brought to recover the damages caused by the death of the plaintiff's intestate through the alleged negligence of the defendant. The deceased was killed by train No. 19, which on

the 15th of December, 1891, was scheduled to leave New York at
4.50 P. M., and to reach Albany, a distance of 144 miles at 8.05 P. M.
It was due according to the schedule at Dutchess Junction at 6.11
P. M. and at Fishkill at 6.12 P. M. The distance between the latter
places was between a mile and a half and a mile and three-quarters.

*L. E. Griffith* and *T. F. Hamilton,* for the appellant.

*R. A. Parmenter,* for the respondent.

MAYHAM, P. J.:

This action was prosecuted by the plaintiff, as administratrix of
John Smith, deceased, an employee on a passenger train of the
defendant's railroad, who was killed by a collision between the train
on which he was employed and another train on the defendant's
road. The plaintiff's intestate was a fireman on a locomotive engine
of the defendant, attached to a passenger train required by the
defendant's time schedule to run from Dutchess Junction to Fishkill,
two stations on the defendant's railroad, at about the rate of 103
miles an hour.

This time schedule was in the possession both of the engineer and
fireman on that locomotive, who were co-employees of the defend-
ant. The defendant had established and promulgated rules for the
government of its train hands, which were known to these employees,
and to all persons in the management of its trains, which, if observed
by those employed in running the trains, would have rendered the
accident improbable, if not impossible.

The accident occurred by reason of the accidental stopping of a train
going in the same direction and in advance of the one on which
intestate was employed.

The rules of the defendant, among other things, provided that
when any train was stopped on the road, or impeded, or able only to
proceed at a slow rate, the rear brakeman or trainman must go back
instantly with a red signal at least half a mile.

Had this rule been observed sufficient warning would have been
given to have stopped the train on which intestate was employed
and thus averted the injury. To this rule there is an exception, that
when the train is guarded by a distance signal or flagman displaying
a red or danger signal at a sufficient distance to protect from

injury, which the trainman must see and know, he may, instead of going back half a mile, rely upon such signal. The case shows that a semaphore, displaying a danger signal, was set, and that the signalman, on seeing that, took took up his torpedoes and returned, and that the intestate's train passed the semaphore without heeding its warning and thus collided with the engine engaged in helping the disabled train. The rules also require that all trains approaching a station, junction or point where a signal is located must do so expecting to find them at danger, and must be prepared to stop. Had this rule been observed by the engineer and intestate the collision could not have occurred and the serious consequence to intestate would not have followed.

It is urged by the appellant that the proof shows that other railroads have different rules from those adopted by the defendant, and that from that proof the jury might have found that the rules of the defendant were defective to such an extent that the jury might have found it guilty of negligence, but we find no proof that the rules of the defendant were so defective that if strictly followed by the employees they would not have afforded adequate protection to all employees acting under them.

We think the learned judge was right in holding that there was an entire failure of proof to establish any negligence of the defendant, and if the accident was caused by negligence it was the negligence of the intestate's co-employees, which was a risk he took when he engaged in the service of the defendant, and for which his personal representative cannot recover in this action.

We find no error in the rulings or decision of the learned trial judge for which this judgment can be reversed.

The judgment must be affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.