## HIGHTOWER *et al.* v. WILLIAMS *et al.*

Probate of a will in solemn form is conclusive upon all parties who have been duly notified as required by law. A proceeding by such parties to set aside a judgment of the court of ordinary probating the will in solemn form can not be maintained upon any ground which, by the use of due diligence, could have been ascertained and pleaded as a defense against the probate of the will.

Submitted April 29, — Decided May 26, 1898.

Appeal.   Before Judge Smith.   Montgomery superior court. October term, 1897.

*J. H. Martin*, for plaintiffs.   *E. D. Graham*, for defendants.

SIMMONS, C. J.   The record shows that the plaintiffs in error moved in the court of ordinary to set aside a judgment admitting to probate in solemn form the will of T. F. Williams.   The petition alleged several grounds for setting aside the judgment; among them, that the testator was induced by undue influence to sign the will; that the will was not properly attested; that certain of the subscribing witnesses did not see the will signed by the testator and did not sign it in his presence; that the judgment of probate was obtained by fraud of the sole legatee and of her attorney; and that these facts were unknown to petitioners until after the judgment and until a few days before the filing of the present petition.   The case was, by consent, appealed to the superior court; and upon the trial there the judge, after hearing testimony, directed a verdict for the defendants.   To this the plaintiffs excepted.

The court did not err in directing a verdict.   These plaintiffs in error were served with notice of the intention of the executor to probate the will in solemn form at a certain time and place.   They failed to appear and file a caveat to the proceeding.   They now seek to set aside the judgment of the court of ordinary, by attempting to prove the facts set out in their petition; but one of the main facts necessary to establish in a proceeding to set aside the judgment, they neither allege nor attempt to prove.   They do not allege or attempt to show any diligence on their part to discover, before the judgment was rendered, the facts now recited in their petition.   A judgment against a party may be set aside for proper cause; but he must always show, not only that the judgment was improperly granted, but that he did not, at the time it was granted, know of his defense, and could not have ascertained it by the exercise of proper diligence on his part.   The plaintiffs here alleged in their petition and proved at the trial that, until a short time before they filed their petition, they did not know of the defense which they might have made to the probate of the will; but

nowhere is it alleged or proved or attempted to be proved that, before the probate, they exercised any sort of diligence to discover the facts now set up. Had they, before the probate of the will, gone to the subscribing witnesses and the latter were truthful men, an inquiry of them as to the facts of the attestation of the will would have brought out the facts to which some of them now testify. It seems to us that the lowest degree of diligence would have required children who had been disinherited by their father to have seen the witnesses to his will and to have inquired about all the facts of its execution. This the petitioners did not do; nor do they attempt to explain their failure to do so. They did not even attend the court as they were summoned to do, and examine the witnesses to the will when the latter was before the court for probate. Had they done this they might, so far as the record discloses, have discovered the facts upon which they now rely to set aside the judgment. As before remarked, while the judgment of a court may be set aside for proper cause, it will not be done if the party complaining does not show proper diligence in discovering or attempting to discover the facts upon which he relies to annul the judgment. *Taylor* v. *Sutton*, 15 *Ga.* 103; *Pollock* v. *Gilbert*, 16 *Ga.* 398; *Barksdale* v. *Greene*, 29 *Ga.* 418; *Gladden* v. *Cobb*, 80 *Ga.* 11; *Redwine* v. *McAfee*, 101 *Ga.* 701; Civil Code, § 5370.

It is argued by counsel for plaintiffs in error, that under section 3764 of the Civil Code they had three years within which to move to set aside the judgment. It is to be inferred from his argument that he contends that, as the motion was made within the three years, it was not necessary to show diligence on the part of petitioners. We can not agree with him in this view of the law. The section cited merely imposes a limitation upon the time within which proceedings can be instituted to set aside a judgment, and means that for good cause a party may move to set aside a judgment against him at any time within three years, but that after that time he can not do so even though he may have good cause and can prove all the facts necessary to show that the judgment was improvidently rendered.        *Judgment affirmed.    All the Justices concurring.*