the real estate and absolute ownership of the personal property of one share in the heirs of each child.

The decree of the surrogate should therefore be affirmed, with costs. All concur.

---

FROUNFELKER v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Division, First Department. February 23, 1900.)

1. INJURY TO EMPLOYE—RULES—PRESUMPTION OF KNOWLEDGE BY CONDUCTOR.
    Rules of a railroad company requiring, in case of a train stopping be-
    tween stations, that the flagman go back one-half mile, and that the
    conductor require this to be done, will be presumed to be known by the
    conductor, being printed on the back of the time-tables, there being provi-
    sion for distributing time-tables, when issued, to all conductors, and it
    being impossible for them to safely run trains without them. ○

2. SAME—CONTRIBUTORY NEGLIGENCE.
    A railroad having rules that, in case of a train stopping between sta-
    tions, the flagman shall go back one-half mile, and the conductor shall
    require this to be done, and the flagman having gone back only 300 feet,
    though he had ample time, and there being no direct evidence that the
    conductor took any steps towards the flagman's doing his duty, it is error
    to refuse an instruction that, if the conductor failed to see that the flagman
    went back, and this contributed to the collision causing the conductor's
    death, there can be no recovery.

3. SAME—EVIDENCE.
    Evidence that a conductor was a careful man, and had long been in the
    continuous employ of a railroad, is not relevant as to whether he com-
    plied with a rule that, in case of a train stopping between stations, he
    should require the flagman to go back a certain distance.

Appeal from trial term.

Action by Sarah A. Frounfelker against the Delaware, Lackawanna & Western Railroad 'Company. From a judgment on a verdict for plaintiff, and from an order denying motion for new trial on the minutes, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGH-LIN, PATTERSON, and O'BRIEN, JJ.

Hamilton Odell, for appellant.

Thomas P. Wickes, for respondent.

BARRETT, J. The action was brought to recover damages for the death of John Frounfelker, alleged to have been caused by the de-fendant's negligence. Frounfelker was the conductor of one of the defendant's coal trains, and was killed on October 3, 1896, while rid-ing in the caboose, by a rear end collision between his train and an-other coal train in charge of one Wallace. Shortly prior to the col-lision the deceased's train had been stopped by signal, somewhat to the west of the village of East Stroudsburgh. Rules 3 and 4 of the defendant company, in force at the time of the accident, provided that, whenever a train should be required to stop between stations, the flagman should immediately go back a distance of half a mile, and display the danger signal, placing three torpedoes at intervals on the track. Rule 6 provides that conductors and engineers are re-quired to carry out these instructions, and will be held strictly re-

sponsible for their enforcement. A period estimated at from 5 to 12 minutes elapsed between the time of the stoppage of the deceased's train and the collision, yet it appears that the flagman went back a distance of not more than 300 feet, and, so far as appears, placed no torpedoes upon the track. There is no direct evidence that the deceased took any step whatever looking to a fulfillment by the flagman of the duties prescribed. We think it was error to refuse to charge the defendant's third request, which was as follows:

"It was Frounfelker's duty to observe and obey the rules prescribed by the defendant relating to the movement and management of his train. It was his duty, when his train was stopped on the morning of October 3, 1896, before reaching East Stroudsburgh station, to see that his flagman went back, as required by the defendant's rules, with flag and torpedoes, to warn any train that might be approaching. If he failed or neglected to observe this duty, and his failure or neglect contributed to the collision which resulted in his death, the plaintiff cannot recover."

The plaintiff contends that the rules were not binding upon the deceased, at least as matter of law, since there was no conclusive proof that he knew of them. It appeared that the rules were printed on the back of the time-tables; that whenever a new time-table was issued, copies were distributed to all the conductors; and that this course was followed with reference to the time-table in force on October 3, 1896. No witness was called who had a specific recollection of delivering one of these time-tables to the deceased, but there was sufficient evidence, prima facie, that this was done. Where a carrier of passengers and freight, like the defendant, formulates rules for the guidance of its employés, and establishes an adequate and operative system for the promulgation of those rules, the presumption is, in the absence of any evidence to the contrary, that the employés were thus made acquainted with what it was essential for them to know. Presumably the system operates in the particular case. It would generally be impossible for such a corporation to give direct and specific evidence concerning every detail of its business. The presumption is fortified in the present case by the fact that the rules were printed on the time-table, and that without a time-table it was impossible for the deceased safely to run his train at all. The rules being thus presumptively known to the deceased, it seems clear that he was bound to obey them, and that, if his failure to do so caused or contributed to the accident, there can be no recovery. The cases of Eaton v. Railroad Co., 14 App. Div. 24, 43 N. Y. Supp. 666, and Moeller v. Railroad Co., 13 App. Div. 467, 43 N. Y. Supp. 603, seem to be direct authority for this proposition. In addition, it has often been held that the failure to obey a rule of a railroad corporation is negligence, which, if committed by a co-employé of the injured party, furnishes no basis for a recovery. Smith v. Railroad Co., 88 Hun, 468, 34 N. Y. Supp. 881; Bryant v. Same, 81 Hun, 164, 30 N. Y. Supp. 737; Drake v. Same, 80 Hun, 490, 30 N. Y. Supp. 671. If this negligence is attributable to the injured party himself, it seems plain that it must be contributory negligence, which will prevent a recovery, regardless of the independent negligence of the defendant.

It is also urged, in substance, that the duty of the deceased under rule 6 was merely to give the proper instructions to the flag-

man, and see that he started out to signal following trains; that, as the flagman in fact did so start, it was immaterial whether the deceased was active or not; and thus that the negligence of the deceased did not cause or contribute to the accident. This argument overlooks a vital omission in the proof. The duty of the deceased, at the least, was to send out the flagman upon his mission with proper instructions as to what to do, and proper materials with which to do it. There is no proof that he fulfilled this duty. So far as appears, the flagman had no knowledge of rules 3 and 4, but was merely acting upon his own judgment. Certainly, he signally failed to comply with these rules. It cannot be presumed that, had the proper instructions been given to him, he would have deliberately disobeyed them, and thus caused the accident. And he had ample time to give a warning to Wallace's train, which would most certainly have been effectual. At all events, it was perfectly competent for the jury to find, both that the deceased disobeyed rule 6 and that this disobedience caused or contributed to the accident; and the request to charge is so phrased that the plaintiff had no valid ground of objection to it.

But it is said that the learned judge merely refused to charge the request "except as I have charged it." All that he had previously charged, however (except in the general statement that the plaintiff must show that the deceased was "free from contributory negligence"), was that, "according to the rules of the company, and even without regard to rules, the obvious peril of the situation would require the exercise of proportionate diligence and care on the part of the conductor to properly warn trains," etc. This was not at all an equivalent for the third request. As already stated, the rules formulated by the defendant for the protection of its employés constituted the measure of care necessary to be exercised, and it was erroneous to substitute some other and less definite standard. The error which we have been considering is emphasized by the action of the court in charging the plaintiff's eighth request, namely, that:

"In determining whether Frounfelker was negligent himself, or whether he failed in any way to discharge any duty imposed upon him by any regulation of the defendant railroad company, the jury may take into consideration the testimony of Wallace that Frounfelker was a careful man, and may also take into consideration Frounfelker's long period of continuous employment by the company."

These latter considerations, while they might possibly have a bearing upon the question whether a party acted prudently under some special and peculiar circumstances (as to which, however, we express no opinion), had no relevancy to the question of whether or not the deceased complied with rule 6.

For these errors, without considering any of the other questions presented, the judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.