RYAN v. DELAWARE & HUDSON CO.

(Supreme Court, Appellate Division, Third Department. June 27, 1906.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—RULES—MASTER'S DUTY TO PROMULGATE.

It is the duty of a railroad to make and enforce such reasonable rules for the government . servants as to prevent injury of one servant by another in so far as it is reasonable and practicable.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 283.]

2. SAME—SUFFICIENCY OF RULES.

When the first section of a train approached a train headed in the opposite direction, and waiting upon a siding, the whistle of the first section was sounded, and the first section was displaying green lights, as required by the rules, to indicate that the train was running in sections. The operatives of the other train did not hear nor see the signals, and a collision ensued between it and the second section, resulting in the death of the brakeman of the second section; and in an action for the death it appeared that two prominent railroads had a further rule, which would have required the first section to stop in case its signals were not acknowledged, and obtain an acknowledgment. *Held*, that it was a question for the jury whether the road was negligent in not having promulgated adequate rules.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 285, 1036–1038.]

3. SAME—FELLOW SERVANTS—CONCURRENT NEGLIGENCE OF MASTER AND FELLOW SERVANT.

Though a train crew was negligent in not observing and heeding the signals of another train, whereby injury to a servant on the other train ensued, the road was not exonerated if the injury would not have happened if it had promulgated adequate rules as to signals.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 515–534.]

Appeal from Trial Term, Washington County.

Action by Gordon Ryan, as administrator of Frederick Ryan, deceased, against the Delaware & Hudson Company. From a judgment in favor of defendant, plaintiff appeals. Reversed.

The defendant operates a single track steam railroad north of Whitehall. On June 20, 1903, a regular north-bound passenger train was scheduled to leave Whitehall at 2 o'clock in the morning. It left the latter place more than 40 minutes behind time. Following it, as a second section, and leaving Whitehall 5 or 10 minutes later, was a light engine, on which Frederick Ryan, the plaintiff's intestate, was traveling as a brakeman in the employ of the defendant. At Putnam, 15 miles north of Whitehall, a south-bound freight train stood on a side track, awaiting the arrival and passing of the passenger train. The rules of the defendant in force provided that two green flags, and, in addition, two green lights, by night, displayed in the places provided for that purpose on the front of an engine, indicated that the train was followed by another train as a section under the same schedule; that when signals were displayed for a following train the whistle must be sounded by giving one long and two short blasts, to call attention to the signals carried, and that this signal must be acknowledged by two short blasts from the train which was signaled. When the first section of the north-bound train approached the freight train the signal lights were displayed and the whistle was sounded, as required by the above rules. The crew of the freight train, however, did not hear or observe the signals, and so, of course, did not acknowledge them. The engine of the freight train at the time was blowing off steam; the engineer

and conductor were engaged in the performance of work connected with their train. Immediately thereafter the freight train entered the main track, proceeded southerly about four miles, met and collided with the engine constituting the second section of the north-bound train, and Ryan was killed. The purpose of this action is to recover damages sustained by the plaintiff on account of the death of his intestate by reason of the alleged negligence of the defendant. The trial court at the close of plaintiff's evidence dismissed the complaint, and the correctness of such determination is the question presented on this appeal.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

G. B. Wellington and James A. Burnham, for appellant.
Lewis A. Carr, for respondent.

COCHRANE, J.   The law imposed upon the defendant the duty of making and enforcing such reasonable rules and regulations for the government of the men in its service as to prevent or guard against injury by one servant to another in so far as that was reasonable and practicable.. Doing v. New York, Ontario & Western Railway Company, 151 N. Y. 583, 45 N. E. 1028; Corcoran v. Delaware, Lackawanna & Western Railroad Company, 126 N. Y. 673, 27 N. E. 1022.

It was held by the learned trial court that the rules promulgated by the defendant were adequate and sufficient, and that the accident was caused solely by the negligence of the crew of the freight train in not properly observing such rules. It was proved that two prominent railroad companies had, in addition to the rules above set forth, a further rule, which, as applicable to this case, would have required the first section of the north-bound passenger train to stop at once in case its signals were not acknowledged by the freight train, and not to proceed until they were acknowledged. The reasonableness and practicability of such an additional rule was thus established by proof of the fact that it was in operation by other railroad companies. Had such an additional rule been in force by the defendant, this accident would not have happened.

It is said by the defendant that the crew of the freight train was required by the rules to be on the lookout, to be observant, and, in case of doubt or uncertainty, to take the safe course, and run no risk, and that if such rules had been observed the accident would not have happened, and hence ·that the rules were adequate. Such rules must be given a reasonable construction. It would be unfair for the defendant to shield itself behind such general and indefinite provisions. Those rules simply express what would be the duty of the defendant's employés without the rules. The jury might have found in this case that by reason of a curve in the defendant's road the green lights were not observable more than four or five seconds before they passed the engine of the freight train. It could not be expected that the engineer of the freight train would be on the lookout every second of time in the direction of an approaching train, which was more than 40 minutes late, and, even· if it can be urged successfully that the rules of the defendant placed on him such a requirement, such rules would not, as matter of law, be reasonable or adequate for the protection of the de-

fendant's employés. So, also, if the freight engine was blowing off steam, it cannot be said, as a matter of law, that the crew of the freight train was bound to hear the whistle of the passing engine. The engineer of the freight train testified that nothing attracted his attention but the noise from the relief valve on his own engine. The case is not analogous to the cases of Shannon v. New York Central & Hudson River Railroad Co., 88 App. Div. 349, 84 N. Y. Supp. 646, and Smith v. New York Central & Hudson River Railroad Co., 88 Hun, 468, 34 N. Y. Supp. 881. In the first of those cases an engineer failed by reason of a dense fog to observe a danger signal requiring him to stop. It was proved that other railroad companies operating under different conditions, and with different systems of rules, had a rule requiring that in such a case torpedoes be placed on the track as an additional warning of danger. But it appeared that the defendant company had a rule that a signal imperfectly displayed or the absence of a signal should be regarded as a danger signal, and as a command to stop, and hence the engineer was already informed by the rules in force that it was his duty to stop, and an additional rule providing for the use of torpedoes would have given no additional information and would have been superfluous. So, also, in the Smith Case, while it appeared that other railroad companies had different rules than those adopted by the defendant, yet at the same time it appeared that a semaphore displaying a danger signal was set, and that the train in question passed the semaphore without heeding this warning to stop, and thus the collision occurred. In both of those cases the rules were adequate to actually inform the persons charged with their observance of the facts which constituted the impending danger. Here the rules were not, as matter of law, adequate to accomplish that object. It was a question for the jury whether or not the defendant was negligent in not having promulgated rules which were adequate to convey to the crew of the freight train the information that the north-bound train was running in two sections. Even if the crew of the freight train was negligent in not observing and heeding the signals, nevertheless such negligence does not exonerate the defendant for an injury which would not have happened had it properly performed its duty. Coppins v. New York Central & Hudson River Railroad Co., 122 N. Y. 557, 25 N. E. 915, 19 Am. St. Rep. 523.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.