.ELLIOTT *v.* MARSHALL *et al.*

No. 11304.   MAY 15, 1936.

*Hugh L. Luttrell,* for plaintiff.

*Augustine Sams, J. Howell Greene,* and *Thomas L. Slappey,* for defendants.

BELL, Justice.   Marshall, the owner of a city lot, executed a lease thereof to Elliott, and thereafter brought a suit in equity to cancel the lease on the ground that he was induced to execute it by the fraud of the defendant. The plaintiff prevailed, and the judgment was affirmed by this court. *Elliott* v. *Marshall,* 179 *Ga.* 639 (176 S. E. 770).   The plaintiff had received from the defendant $175 in consideration of the lease.   He alleged that he had tendered this sum, but that the tender had been declined, and that he made it a continuing tender.   He did not pay the money into court; and a verdict and decree were rendered in his favor, with no recovery by the defendant of the sum tendered.   After the termination of that suit, the defendant demanded payment of this

amount. The demand was refused, and the present suit followed. The action now before the court was instituted by Elliott as a suit to set aside the former verdict and judgment as having been obtained by fraud. The petition alleged that Marshall, the plaintiff in the original case, had no intention of making restoration as alleged by him in that case, and that he had procured the verdict and decree canceling the lease by deception and fraud upon Elliott and the court, and that it is inequitable and illegal for him to procure a cancellation by claiming his readiness and willingness to restore the status, and then, after judgment in his favor, to retain the sum in question and to refuse a restitution. The petition further alleged, in effect, that after the former case was ended Marshall said to a third person that he gave the lease with no intention of abiding by it, but that he needed money to go to the races, and intended "to come back to Atlanta and have Elliott cancel the lease." So far as material, the prayers were that the original verdict and judgment be set aside, or that the petitioner's claim be made a lien against the property, subject only to taxes and a stated intervening security deed. The court sustained a general demurrer and dismissed the petition, and Elliott excepted.

Under the rulings stated in the headnotes, which do not require elaboration, the court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*