### BIRD *et al.* v. SMITH.

GRICE, Justice. 1. "A judgment obtained in a court in this State will not be set aside and declared to be of no effect, although the same was obtained and entered up in consequence of corrupt and wilful perjury, unless the person charged with such perjury shall have been thereof duly convicted, and unless it shall appear to the court that such judgment could not have been obtained and entered up without the evidence of such perjured person." Code, § 110-706 (1910, § 5961). *Hutchings* v. *Roquemore,* 171 *Ga.* 359 (155 S. E. 675); *Foster* v. *Cotton States Electric Co.,* 172 *Ga.* 231 (157 S. E. 636); *Richardson* v. *Roberts,* 25 *Ga.* 671; *Munro* v. *Moody,* 78 *Ga.* 127 (2 S. E. 688).

2. An allegation in a petition, that the defendants "falsely represented to the court of ordinary that the testator was seventy-nine years old when he executed said will, that he had suffered a stroke of paralysis a short time before executing his will, and that testator at the time he signed said will did not possess sufficient mental capacity to make a will, and by said false and fraudulent representation did obtain a judgment in the court of ordinary sustaining the caveat, and that said judgment was obtained through fraud perpetrated upon the plaintiff," is an allegation that the judgment complained of was obtained by reason of perjured testimony given by the defendants.

3. The instant case being a petition to have set aside the judgment of the court of ordinary, under the allegation above quoted, which we have held to be an allegation that the judgment was obtained by reason of perjured testimony, and there being no allegation that the defendants, who are alleged to have testified falsely, have been indicted and convicted, a general demurrer to the petition should have been sustained. *Elliott* v. *Marshall,* 182 *Ga.* 513 (185 S. E. 831), and cit. The trial which followed the court's order overruling the demurrer was nugatory.

*Judgment reversed. All the Justices concur.*

No. 12335. MAY 14, 1938. REHEARING DENIED JUNE 18, 1938.

*Fred T. Lanier,* for plaintiffs in error.
*D. C. Jones* and *J. J. E. Anderson & Son,* contra.