23576. MARSHALL v. RUSSELL, Executrix et al.

ARGUED JULY 11, 1966—DECIDED SEPTEMBER 9, 1966—
REHEARING DENIED SEPTEMBER 22, 1966.

*Thurmond, Hester, Jolles & McElmurray, Cornelius B. Thurmond, Jr., Thomas M. Odom,* for appellant.

*George W. Fryhofer, R. U. Harden, Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher, Cumming, Nixon, Eve, Waller & Capers, John D. Capers,* for appellees.

ALMAND, Justice. This appeal is from an order sustaining the general demurrers to a five-count petition. The general allegations of all the counts are the same. They are: Q. V. Russell, the father of the plaintiff and appellant, procured the preparation of a mutual will for himself and his wife Elvie Russell, one of the defendants, on August 20, 1946; said mutual will was the result of an agreement between the husband and wife that "it should constitute a contract creating a remainder estate for the children named therein which said agreement and contract could not be changed by either one of them after the death of the first of them and under which the survivor of them would equally divide the estate among their said children, share and share alike"; Q. V. Russell died on June 26, 1959; Elvie Russell presented the purported will for probate in common form on July 6, 1959, and subsequently presented the will for probate in solemn form. Attached to the petition as exhibits were copies of, (1) the proceeding for probate in common form, (2) the purported will, and (3) the proceeding for probate in solemn form.

The mutual will provided that the survivor should receive all the properties of the party dying first and named the survivor as sole executor. The will shows that it was executed by both parties in the presence of three named witnesses on August 20, 1946, and duly attested by three witnesses. The petition for probate in solemn form named the four children and the surviving wife, all of whom waived all service, citation and process and agreed "that said proceeding to probate in solemn form may be instanter or at any time."

The record contains an affidavit sworn and subscribed to before the Ordinary of Burke County by E. L. Smith and W. M. Phillippe, dated August 15, 1959, in which they swore that the will of the testator was signed by him in their presence and they subscribed their names as witnesses in his presence. Also dated the same day is the affidavit of Elvie Russell, sworn to before the ordinary in which she swore the will was signed by her and by the testator in the presence of each other and the three witnesses, and that the third witness, Delia Holley, is now a resident of the State of Tennessee. On August 15, 1959, the ordinary in

an order reciting that "it appearing to the satisfaction of this court by the testimony of the witnesses to this will, E. L. Smith and W. M. Phillippe, Jr., that this paper is the last will and testament of Quiller V. Russell and that he was competent to make a will at the time he signed and executed the same," the will was admitted to record. Letters testamentary reciting that the will was legally proved in solemn form on August 15, 1959, were issued to Elvie Russell.

On March 5, 1966, Geneva R. Marshall filed her petition naming as defendants Elvie Russell, individually and in her representative capacity as executrix of the estate of Q. V. Russell, and the three surviving children of the testator. It was prayed, among other things, that the judgment of the court of ordinary dated August 15, 1959, probating the last will and testament of Q. V. Russell in solemn form be declared null and void. It was alleged that Delia Holley signed her name as a witness before either the testator or his wife signed and not in the presence of the other witnesses; that witness Phillippe did not subscribe his name in the presence of the other witnesses; and that the testator did not sign his name in the presence of witness Smith.

The petition also alleged that at the time the appellant's signature was procured by her mother for probate in solemn form she "represented to plaintiff [appellant] that the said purported mutual will, a copy of which is hereto attached as Exhibit 'C', was the result of the prior agreement and contract hereinbefore alleged made prior to the execution of the said purported will and under which the said Q. V. Russell and the defendant Mrs. Elvie Russell agreed to distribute the estate to each of their four (4) children hereinabove alleged on an equal basis, share and share alike. That in reliance upon such statement, which statement was made by defendant Mrs. Elvie Russell to plaintiff and in the presence of the attorney for Mrs. Elvie Russell, individually and as executrix, the said Carlton G. Mathews, Jr., the said plaintiff affixed her signature to the waiver of service to the application for the probate in solemn form. That from the time of the probate of said purported will in solemn form on the 15th day of August 1959, the said defendant Mrs. Elvie

Russell did attempt to and did carry out the agreement made between her and the said Q. V. Russell in that the said defendant Mrs. Elvie Russell divided the estate equally among the four (4) children up until on or about the 27th day of July, 1964, at which time the said defendant Mrs. Elvie Russell filed action in Burke County Superior Court, being Case Number 570, in which she sought to have the said purported last will and testament of the said Q. V. Russell construed." Plaintiff alleged that she did not discover until January 3, 1966, from one of the witnesses to the will that the will was not properly executed.

The several counts alleged that the judgment of probate in solemn form was void because, (a) it was not witnessed legally, (b) there was no showing that the mutual will had not been revoked by Elvie Russell, (c) the said probate was procured by the fraud of Elvie Russell on the court of ordinary in that she knew the will had not been properly executed and she concealed this fact from the court, and (d) the affidavits of the witnesses Smith and Phillippe did not constitute legal testimony in the proof of the execution of the will.

Among the grounds of the general demurrer which the court sustained were, (a) the action was barred by the statute of limitation (*Code* § 3-702), (b) the plaintiff had failed to exercise diligence required by law for the discovery of facts upon which she bases her claim for relief, and (c) "because said petition in its entirety and said counts separately do not set forth any cause of action against this defendant because the judgment of the court of ordinary ordering to probate in solemn form the will of Q. V. Russell on August 15, 1959, could not have been entered up without the evidence of E. L. Smith, W. M. Phillippe, Jr., and Mrs. Elvie Russell, and it does not appear that these persons, charged with perjury by the allegations of the petition, have been thereof duly convicted." We are of the opinion that all of these grounds were well taken.

■ The judgment of the court of ordinary probating the will of Q. V. Russell in solemn form shows on its face that the court had jurisdiction of the parties and subject matter. The authority to act being shown, the law presumes that the court of ordinary in admitting the will to record did all that the law requires to be

done, and the superior court in a collateral proceeding will not go behind that judgment. *Clements v. Henderson,* 4 Ga. 148, 154 (48 AD 210); *McDade v. Burch,* 7 Ga. 559, 562 (50 AD 407); *Davie v. McDaniel,* 47 Ga. 195 (1, 2). "The court of ordinary is a court of general jurisdiction, and therefore it is presumed in favor of one of its judgments that every fact necessary to make it valid and binding upon the parties thereto and their privies was before the court." *Stuckey v. Watkins,* 112 Ga. 268 (1) (37 SE 401). "In the absence of a statute requiring it, judgments of courts of general jurisdiction of the subject matter and the parties need not have set forth therein the evidence upon which they are based." *McFarland v. McFarland,* 143 Ga. 598 (2) (85 SE 758).

■ The allegations of the petition are insufficient to show that any fraud was practiced upon the appellant by her mother, Elvie Russell, at the time appellant acknowledged service and signed the waiver in the probate of the will in solemn form. Appellant's mother, under the allegations of the petition, did nothing to prevent or deter anyone from caveating the will in 1959 when it was offered for probate.

The chief allegation of fraud is that the mother knew that the will had not been properly executed and silently permitted witnesses Smith and Phillippe to swear falsely and that she swore falsely as to its execution, and therefore the mother committed fraud on the court of ordinary in leading the court to render a judgment on false testimony. Though a judgment obtained as a consequence of corrupt and wilful perjury may be set aside, before it can be done, it must be shown that the person charged with such perjury has been convicted thereof. *Code* § 110-706. Compare *Bird v. Smith,* 186 Ga. 301 (2, 3) (197 SE 642), where it was held: "An allegation in a petition, that the defendants 'falsely represented to the court of ordinary that the testator was seventy-nine years old when he executed said will, that he had suffered a stroke of paralysis a short time before executing his will, and that testator at the time he signed said will did not possess sufficient mental capacity to make a will, and by said false and fraudulent representation did obtain a judgment in the court of ordinary sustaining the caveat, and

that said judgment was obtained through fraud perpetrated upon the plaintiff,' is an allegation that the judgment complained of was obtained by reason of perjured testimony given by the defendants. The instant case being a petition to have set aside the judgment of the court of ordinary, under the allegation above quoted, which we have held to be an allegation that the judgment was obtained by reason of perjured testimony, and there being no allegation that the defendants, who are alleged to have testified falsely, have been indicted and convicted, a general demurrer to the petition should have been sustained. *Elliott v. Marshall,* 182 Ga. 513 (185 SE 831), and cit."

■ "The judgment of a court of competent jurisdiction may be set aside by a decree in equity, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant." *Code* § 110-710. "All proceedings of every kind in any court of this State to set aside judgments or decrees of the courts, shall be made within three years from the rendering of said judgments or decrees." *Code* § 3-702. "Where it was sought to have the court of ordinary revoke and set aside the probate of a will in solemn form, on the petition of one who had been served and was a party to the proceedings to admit the will to probate, such application should have been made within three years from the rendering of the judgment sought to be vacated." *Speer v. Speer,* 74 Ga. 179 (1).

The case of *Hightower v. Williams,* 104 Ga. 608 (30 SE 862) on its facts is nearly identical with the factual situation here. There one of the heirs of the testator sought to set aside in the court of ordinary the probate of the will in solemn form. He alleged in his petition "that the testator was induced by undue influence to sign the will; that the will was not properly attested; that certain of the subscribing witnesses did not see the will signed by the testator and did not sign it in his presence; that the judgment of probate was obtained by fraud of the sole legatee and of her attorney; and that these facts were unknown to petitioners until after the judgment and until a few days before the filing of the present petition." Id., p. 609. In holding that the court did not err in directing a verdict for the defendant, this court in a unanimous opinion said: "These plaintiffs in

error were served with notice of the intention of the executor to probate the will in solemn form at a certain time and place. They failed to appear and file a caveat to the proceeding. They now seek to set aside the judgment of the court of ordinary, by attempting to prove the facts set out in their petition; but one of the main facts necessary to establish in a proceeding to set aside the judgment, they neither allege nor attempt to prove. They do not allege or attempt to show any diligence on their part to discover, before the judgment was rendered, the facts now recited in their petition. A judgment against a party may be set aside for proper cause; but he must always show, not only that the judgment was improperly granted, but that he did not, at the time it was granted, know of his defense, and could not have ascertained it by the exercise of proper diligence on his part. The plaintiffs here alleged in their petition and proved at the trial that, until a short time before they filed their petition, they did not know of the defense which they might have made to the probate of the will; but nowhere is it alleged or proved or attempted to be proved that, before the probate, they exercised any sort of diligence to discover the facts now set up. Had they, before the probate of the will, gone to the subscribing witnesses and the latter were truthful men, an inquiry of them as to the facts of the attestation of the will would have brought out the facts to which some of them now testify. It seems to us that the lowest degree of diligence would have required children who had been disinherited by their father to have seen the witnesses to his will and to have inquired about all the facts of its execution. This the petitioners did not do; nor do they attempt to explain their failure to do so. They did not even attend the court as they were summoned to do, and examine the witnesses to the will when the latter was before the court for probate. Had they done this they might, so far as the record discloses, have discovered the facts upon which they now rely to set aside the judgment. As before remarked, while the judgment of a court may be set aside for proper cause, it will not be done if the party complaining does not show proper diligence in discovering or attempting to discover the facts upon which he relied to annul the judgment." Id., pp. 609, 610.

What the court said in the *Hightower* case, 104 Ga. 608, supra, as to the failure of the moving party to use the slightest degree of diligence, is applicable here. Appellant was made a party to the proceeding to probate the will of her father on August 1, 1959. The facts upon which she bases her claim that such probate judgment be set aside could have been ascertained by her own diligence. In her petition she alleged that it was not until January 3, 1966, that she discovered and learned from W. M. Phillippe, Jr., that the will was not properly executed by either Q. V. Russell or Elvie Russell. No reason is given why she could not have ascertained these facts on the probate hearing or during the nearly seven years lapse of time after such hearing. "A petition seeking to set aside a judgment of the court of ordinary discharging an executor, brought 13 years after such discharge, which did not contain specific allegations of actual fraud on the part of the executor deterring and debarring the plaintiffs from sooner instituting the action so as to toll the statute of limitations, was subject to dismissal on general demurrer." *Warnock v. Warnock*, 206 Ga. 548 (1) (57 SE2d 571).

It was not error to sustain the general demurrer and dismiss the petition.

*Judgment affirmed. All the Justices concur.*