## HICKS *v.* WEBB *et al.,* and *vice versa.*

1. Objection was made by defendant to the introduction in evidence of an item in the will of plaintiff's ancestor, containing the following language: "I desire that all my negroes, as also other property, be appraised and equally divided among my sons. . . . and at their death to go to their children." The objection to said item was based on the ground that it "did not bequeath any land, did not convey any title to any land, and was therefore irrelevant." *Held,* that there was no error in overruling said objection and admitting the evidence. Under the language of the will quoted, the sons of the testator took a life-estate in whatever land the testator died possessed and seized of, and their children took a remainder interest in the same.

2. The admission of the other evidence objected to, if error, was not hurtful to the defendant, because substantially the facts which were sought to be established by said evidence were admitted by his pleadings.

3. In a suit to recover land, the defendant who has bona fide possession of such land under adverse claim of title may plead as a set-off the value of all permanent improvements bona fide placed thereon by him.

4. If the life-tenant, assuming to act as trustee for the remaindermen under a void order of the court, sold the fee and received the purchase-money of the whole, and if he afterwards invested some of that purchase-money in other lands; and the remaindermen, after their attainment of majority and not laboring under any disability, after the death of the life-tenant appropriated these other lands to their own use with knowledge

of all the material facts, their so doing was a ratification of the sale and conveyance of their estate in remainder by the trustee, and they would be estopped from recovering from the purchaser their remainder interest.

5. Assignments of error upon the admission of evidence will not be considered unless the evidence is set out in such a manner that the question of its admissibility can be decided without reference to other parts of the record; nor will assignments of error in a bill of exceptions, upon the allowance of an amendment of the pleadings, be considered when such amendment is not set forth either literally or in substance nor attached as an exhibit nor specified as material to a clear understanding of the errors complained of.

Argued · June 6, — Decided December 17, 1906.

Ejectment. Before Judge Hammond. Johnson superior court. October 16, 1905.

This case has been to this court before. *Webb* v. *Hicks, 117 Ga.* 335. In addition to the very full statement of facts contained in the former report, it is only necessary to add here that when the case went back to the superior court for a second trial, the defendant amended his plea in the following particulars: He had been in bona fide possession of the premises in dispute under a claim of title since 1880, and during said time had placed on said lands permanent improvements of the value of $1730; and he prayed for a judgment, in case plaintiffs recovered possession of the lands, for the amount of the excess of the value of said permanent improvements over the mesne profits. He further alleged that John Webb, assuming to act as trustee for plaintiffs, sold the lands in controversy to defendant's ancestor, Wright, and with a part of the money thus obtained Webb purchased a lot of land in Lowndes county, taking the title to said land in Lowndes county as trustee for plaintiffs, and that plaintiffs are now in possession of the same. Wherefore defendant prayed that "this court would mould the verdict and decree in this case so as to declare that plaintiffs are now estopped from setting up any title to the premises in dispute, inasmuch as they have ratified the sale of the premises in dispute by said John Webb as their acting trustee, by accepting, using, and enjoying said lot of land so purchased with the proceeds arising from the sale of the premises in dispute. If the court shall hold that plaintiffs are entitled to recover the premises in dispute, then this defendant prays that the plaintiffs be decreed to hold said land lot 144 [the Lowndes county lands] in trust for him, and that he recover the same from them together with mesne profits."

During the trial the plaintiffs in the court below filed certain exceptions pendente lite, and now bring the same by cross-bill to this court for determination. These exceptions complain of the admission of certain documentary evidence introduced by defendant, and of the allowance of an amendment offered by him. But neither the evidence objected to nor the amendment is set out either literally or in substance, nor attached as an exhibit to the cross-bill.

The evidence on most of the material questions involved in the case was conflicting. The jury having returned a verdict for the plaintiffs, the defendant moved for a new trial. The motion alleges that the court erred in admitting certain evidence introduced by the plaintiffs, and in excluding other evidence offered by the defendant. Exceptions are also taken to certain portions of the charge of the court. The 8th, 9th, and 10th grounds of the motion complain of the court's refusal of requests to give in charge to the jury the following:

(1) "If you find that John Webb, assuming to be trustee for the plaintiffs, sold their lands, the lands in dispute, and bought, with the proceeds of the sale of these lands, the Lowndes county lands, then plaintiffs can not both hold and enjoy the Lowndes county lands and at the same time recover the lands from the defendant, who holds under John B. Wright; and this would be true although the sale by John Webb to John B. Wright was null and void."

(2) "If you find that John Webb, the father of the plaintiffs, sold their lands in this county, and with a part of the proceeds bought land lot 144 in the 12th district of Lowndes county, taking title to him as trustee for the plaintiffs, and if after plaintiffs arrived at age they freely, voluntarily, and with knowledge of the facts received, kept, and enjoyed these Lowndes county lands, then they would be estopped from recovering the lands in dispute, although plaintiffs may not have known that under the law the sale by John Webb to John B. Wright was null and void."

(3) "Plaintiffs can not repudiate in part and ratify in part the sale made by John Webb to John B. Wright. They must repudiate the whole sale and take no part of the proceeds; else the acceptance and enjoyment by plaintiffs of lands in which a part of the proceeds of such sale was invested, with knowledge of the facts, will estop plaintiffs from recovering the premises in dispute."

The motion for a new trial having been overruled, the defendant excepted.

*W. C. Davis, J. B. Hicks,* and *J. K. Hines,* for Hicks.

*G. A. Whitaker* and *Daley & Bussey,* for Webb et al.

BECK, J. (After stating the facts.)

1, 2. The assignments of error referred to in the first and second headnotes are sufficiently dealt with there.

3. By the act of the legislature approved December 21, 1897 (Acts 1897, p. 79), it is provided, "That in all cases where an action has been brought for the recovery of land, the defendant who has bona fide possession of such land under adverse claim of title may set off the value of all permanent improvements bona fide placed thereon by himself or other bona fide claimants under whom he claims; and in case the legal title to the land is found to be in the plaintiff, if the value of such improvements at the time of the trial exceeds the mesne profits, the jury may render a verdict in favor of the plaintiff for the land and in favor of the defendant for the amount of the excess of the value of said improvements over the mesne profits." Under the construction placed upon that extract of the act above quoted, we can not sustain the following charge of the court, which was duly excepted to by the plaintiff in error, to wit: • "If the defendant made improvements on the land, not before, but since the death of John Webb [the life-tenant], then the value of such improvements should be deducted from the rents or damages, if any, to the freehold. Though if the improvements exceed the rents and damages, it can not be set off against the land itself." The effect of this charge would confine the jury to a consideration of the value of the permanent improvements placed upon the land in controversy subsequently to the death of the life-tenant, John Webb, and that only to the extent of the value of the rents and damages; whereas the act referred to distinctly allows the defendant in actions like this to set off the value of "all permanent improvements" which he may have placed upon the land while bona fide in possession thereof. It was the intention of the legislature which enacted the law referred to that those who bona fide went upon land, and bona fide expended their money, time, and labor in erecting permanent improvements upon the same, should not be ejected therefrom without other compensation than mesne profits of the land where

such mesne profits are less in value than the permanent improvements made. *Mills* v. *Geer*, 111 *Ga.* 275.

4. The court did not err in refusing the requests to charge which are set out in the statement of facts. These requests do not contain in themselves correct, accurate, and appropriate statements of the principles of law applicable to the evidence in this case. But a complaint of the same general complexion and nature as that made in criticising the court's refusal of the requests to charge is contained in another part of the motion for a new trial, and in substance it is to the effect that the court wholly failed to charge the jury that they could find for the defendant under any view they might take of the testimony in this case, thus virtually telling the jury that under no view of the evidence could they find for the defendant.

Under the authority of the case of *Lamar* v. *Pearre*, 90 *Ga.* 377, and cases laying down a similar doctrine, we can not otherwise hold than that if John Webb, assuming to act as trustee for his children, sold the fee of the lands in dispute and received the purchase-money of the whole, and afterwards invested a part of the purchase-money in other lands, and the remaindermen after his death appropriated the lands so purchased to their own use, with knowledge of all material facts, their so doing was a ratification of the sale and conveyance of their estate by one assuming to act as their trustee, and they would be estopped from recovering from the purchaser their remainder interest thus sold. If the contentions of the plaintiff in error be true, while John Webb in selling the Johnson county lands had no legal authority whatever to sell and convey more than his estate for life, he sold the fee and reinvested some of the purchase-money in the Lowndes county lands,— a transaction whereby the remaindermen, according to evidence introduced by the plaintiff, have received substantial benefits and advantages; and the question is, if the jury should believe that with a part of the proceeds arising from the sale of the fee in the lands in Johnson county the Lowndes county lands were purchased, and they should further be convinced from the evidence that the last-mentioned lands were of equal or greater value than the former, and that the remaindermen were in the possession and enjoyment of those Lowndes county lands, knowing all the material facts as to the sale of the lands in Johnson county; and the purchase with the

proceeds thereof of the lands held by them at the time of the institution of this suit, should they not be given appropriate instructions under which they might make a finding in accordance with the ruling which we have made in regard to this branch of the case? An affirmative answer to this question necessarily follows an unqualified acceptance of the ruling in the case last referred to. Our attention has not been called to any decision rendered by this court which either restricts or modifies the doctrine of that case. Neither the case of *Taylor* v. *James,* 109 *Ga.* 327, nor the cases of *Luquire* v. *Lee,* 121 *Ga.* 624, and *Bazemore* v. *Davis,* 55 *Ga.* 506, cited by counsel for defendant in error, are in conflict with what we have ruled.    And the negative pregnant in the last part of the decision in the case of *Smith* v. *McWhorter,* 123 *Ga.* 287, is strongly persuasive of the correctness of the conclusion we have reached.

5. The fifth headnote announces a well-established rule of practice.   *Johnson* v. *Perry,* 121 *Ga.* 68; *Heard* v. *Tappan,* Id. 437.

*Judgment reversed on main bill, affirmed on cross-bill of exceptions.   All the Justices concur, except Evans, J., disqualified.*