## 1208.  DYE *v.* PEACOCK.

The evidence demanded the verdict for the plaintiff, and there was no error in so directing.

27

Complaint, from city court of Eastman—Judge Griffin. September 20, 1908.

Submitted July 16, 1908.—Decided January 27, 1909.

Peacock brought suit on a promissory note, against Walker as maker and Dye as indorser. Walker made no defense. Dye filed a plea in which he admitted a prima facie case for the plaintiff, but denied that he was liable as indorser; for the following reasons: (1) that the note was made payable to him by Walker for the rent of a farm, and that, being already indebted to Peacock on a note for $300, he sold and transferred the note sued on (which was for $100) to Peacock in part payment of this $300 note, and Peacock gave him a credit for the $100 on the $300 note; that his indorsement was only to pass title, it being then understood between Peacock and himself that he (Dye) was trading the $100 note unconditionally, and was not to be liable as indorser. And (2) that the plaintiff had already received five bales of cotton from Walker, grown on the land for the rent of which the note sued upon was given, which was much more than sufficient to pay off the said rent note, and, instead of applying the proceeds of the cotton to the payment of the note, applied it to other debts which Walker owed him, but which were not liens upon the cotton. In support of this defense Dye showed the following facts: He rented to Walker a one-horse farm and took from him the note in question for the rent. Walker was at that time also a tenant of Peacock's. Dye, being then indebted to Peacock on a note for $300, went to him and offered to trade him the $100 note, as a credit on the $300 note. Peacock agreed to this, and gave him a credit for the amount of the $100 note, on his $300 note. Peacock asked him to indorse the $100 note, which he did. Nothing was said about his being liable as indorser. The plaintiff simply took the note, after it had been indorsed by Dye, and gave him a credit for its amount, less ten per cent. discount, on his $300 note. After Walker had made his crop, he delivered a portion of the cotton to the plaintiff, in part payment of debts which he owed the plaintiff for money and supplies advanced to him to make the crop; but, after making this payment, he still owed several hundred dollars on this account. The remainder of Walker's crop was levied upon, at the instance of Dye, and sold to pay debts made for guano and other supplies by Walker, for which Dye was surety. At the conclusion of the

defendant's evidence, the court directed a verdict for the plaintiff, for principal, interest, and attorney's fees. A judgment was entered for principal, interest, and costs, but not for attorney's fees. Dye excepts to the direction of this verdict.

*J. P. Highsmith,* for plaintiff in error.

*D. M. Roberts & Son,* contra.

HILL, C. J.  (After stating the foregoing facts.)

In our opinion the evidence demanded the verdict for the plaintiff. There is no evidence in support of the plea that the defendant had indorsed the note simply for the purpose of passing title, with the understanding that he was not to be liable thereon as indorser. On the contrary, the defendant stated that the plaintiff demanded that he should indorse the note, when it was transferred to the plaintiff, and that when it was so transferred the plaintiff gave him credit for its amount, less ten per cent. discount, on his note for $300. It can hardly be reasonable to contend that the plaintiff would have required the defendant to indorse the note, and have given him a credit for the amount of the note on his own note to him, if he had not intended to hold him liable on such indorsement.

We think the other ground set up as a defense is equally untenable, under the facts and the law applicable thereto. Walker, the maker of the $100 note sued on, was at the same time indebted to the plaintiff for money and supplies advanced to Walker to make his crop, and was also indebted to the plaintiff as a tenant. He had the right to pay his debts to the plaintiff, and the right also to direct to which debts the payments should be appropriated. He did not direct the plaintiff as creditor to apply the payments to any particular debt; and, therefore, the plaintiff had the right to appropriate the payments, at his election, to any claim which he held against his debtor. Civil Code, §3722. Indeed, we think that Peacock, who held debts against Walker individually for supplies and advances, and the debt against him represented by the note which he had made to Dye and upon which Dye was indorser, when payments were made to him generally by Walker, unless otherwise instructed, had the right to apply the payments to the debts held against Walker individually, and was not bound to apply any payment made by Walker to the debt which he held

against him and which was secured by the indorsement of the note by Dye. *Hargroves* v. *Cooke,* 15 *Ga.* 322 (7).

The plaintiff in error also insists that the direction of a verdict against him for attorney's fees was improper, because there were not sufficient allegations in the pleadings to authorize recovery of attorney's fees, it not being alleged that the notice required by the act of 1900 had been given. Plaintiff sued for principal, interest, and ten per cent. attorney's fees, and the defendant, in admitting a prima facie case, admitted the full amount claimed. The judgment in the record, however, shows that it does not include attorney's fees.                          *Judgment affirmed.*