## SHAW v. CRAWFORD.

No. 17660. Submitted November 13, 1951—Decided January 15, 1952.

596

*Ingram & Tull*, for plaintiff in error.

*W. W. Mundy Jr.*, contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ On August 5, 1889, Georgia Slate Company, a corporation of which John D. Pope was president, executed a warranty deed to Jacob S. Davitte, conveying lots 137, 138, and 151. "Also the northern half of the cleared land on lot No. 212. . . There is, however, reserved to said party of the first part,

its successors and assigns, a right of way across said north half of said cleared land on 212, 20 feet in width leading from the slate quarries of said party of the first part on lot 212 to the railroad track on lot 213, said right of way to be located by said party of the first part as nearly as practicable along the line of a proposed road which was staked out by commissioners appointed by the proper authorities of Polk County on an application heretofore made by said party of the first part for a private way."

The first special ground of the motion for new trial complains because the trial court admitted in evidence a writing, that was attached to the above deed on the front thereof and on the outside of the manuscript cover, which stated in part: "Davitte—July 19, 1889. John D. Pope. Dear Sir: Yours of 16th received. I will accept your proposition and make your company title to the south half of the cleared land on 212 and a right of way 20 feet wide from quarry to the E & W RR across the cleared land on 212 and 213, also a side track on 213 for lots of land numbers 137, 138 and 151. . . I am to withdraw my suits against the company and you to withdraw yours against me. You can draw all of the papers and send them to Thompson and he can deliver me your deed and I will sign and deliver mine to him. . . Dave Peacock notified me that he had control of the property by loaning you some money. You will get his acquiescence in this matter. Yours truly, J. S. Davitte. I consent to the settlement as set forth in above letter. August 3, 1889. D. W. K. Peacock." The writing and the deed were recorded in November, 1889, in Book K of Deeds on page 673.

The Code, § 38-312, declares: "Ancient documents, purporting to be a part of the transaction to which they relate, shall be admissible in evidence." The present writing and the deed executed in connection therewith, which were parts of the settlement of a controversy between Davitte and Georgia Slate Company, plainly show that Davitte was aware of Peacock's interest in the matter, and required his acquiescence, which was given on August 3, 1889, two days prior to execution of the deed. Georgia Slate Company benefited from the settlement by receiving a deed to property from Davitte together with certain easements over other lands, and by having Davitte withdraw suits against it. Peacock benefited as the successor in title to the properties

of Georgia Slate Company, including the property conveyed to it by Davitte in exchange for the property in question.

The writing dated July 19, 1889, and recorded November 9, 1889, purporting to be a part of the transaction to which it related, namely, a settlement of the controversy between Davitte and Georgia Slate Company, which was acquiesced in by Peacock, was admissible in evidence as an ancient document.

■ Under the uncontradicted evidence, Davitte treated lots 137 and 138 as his, after execution of the deed from Georgia Slate Company; and for a period of approximately 70 years he and his successors in title were the only ones who exercised any dominion whatever over them. The petitioner who claimed under Davitte successfully prevented another person from cutting timber on the lots in 1941, and paid taxes thereon from November 6, 1935, to date, which acts constituted circumstances tending to prove adverse possession. *Chamblee* v. *Johnson*, 200 *Ga.* 838 (2) (38 S. E. 2d, 721). During the above 70-year period, the defendant who claims under quitclaim deeds and his predecessors in title did not pay any taxes and made no attempt to exercise any dominion over the lots until shortly before the filing of the present suit.

The evidence demanded the verdict which the jury returned in favor of the petitioner, and it is unnecessary to consider whether the trial court erred in charging the law respecting title by prescription, as complained of in special ground 2 of the motion for new trial. *Peoples Savings Bank* v. *Smith*, 114 *Ga.* 185 (4) (39 S. E. 920); *White* v. *Southern Ry. Co.*, 123 *Ga.* 353 (4) (51 S. E. 411); *Richardson* v. *Hairried*, 202 *Ga.* 610 (2) (44 S. E. 2d, 237); *Key* v. *Stringer*, 204 *Ga.* 869 (3) (52 S. E. 2d, 305); *Scurry* v. *Cook*, 206 *Ga.* 876, 880 (59 S. E. 2d, 371).

A different question might have arisen if a person other than Peacock had purchased the land at the foreclosure sale.

*Judgment affirmed. All the Justices concur.*