## BYRD *v.* RIGGS *et al.*

DUCKWORTH, Chief Justice. 1. The probate of a will in solemn form, until reversed or set aside, "is conclusive upon all the parties notified." Code, § 113-602; Redfearn on Wills, 168, 172, § 114; *Weathers* v. *McFarland,* 97 *Ga.* 266 (2) (22 S. E. 988); *Hightower* v. *Williams,* 104 *Ga.* 608 (30 S. E. 862); *Mitchell* v. *Arnall,* 203 *Ga.* 384 (2) (47 S. E. 2d, 258).

2. Accordingly, the averments of the amended caveat—to the effect that, after rendition of a judgment ordering the probate of a will in solemn form, a person who had filed a caveat to the first will offered an alleged later will for probate, without setting aside or reversing the above judgment—were not subject to demurrer, as contended, on the ground that they were not germane to the issues involved and in no manner attacked the validity of the alleged later will here sought to be probated.

3. Likewise, copies of the proceedings relating to the judgment ordering the first will to probate in solemn form being germane to the issues involved, the trial court did not err in admitting them in evidence, as complained of in the first special ground of the motion for new trial.

4. Where as here, the pleadings and evidence show that a person who filed a caveat to a will which was probated in solemn form, and thereafter attempted to probate an alleged later will, without setting aside or reversing the judgment ordering the probate of the first will in

solemn form, a verdict, as returned by the jury, was demanded against probate of the alleged later will.

5. Since the evidence demanded the verdict which the jury returned against probate of the alleged later will, it is unnecessary to consider whether the trial judge erred: (1) in refusing to allow the husband of the beneficiary named in the second will to testify that he bought food for the testatrix; and (2) in charging the law as to what constitutes revocation of a prior will. *Shaw* v. *Crawford*, 208 *Ga.* 595 (2) (68 S. E. 2d, 598), and cases cited.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18255. SUBMITTED JUNE 8, 1953—DECIDED JULY 13, 1953—REHEARING DENIED JULY 27, 1953.

*W. Roscoff Deal, J. P. Dukes, B. H. Ramsey Sr., Wm. J. Neville* and *W. G. Neville,* for plaintiff in error.

*F. T. Lanier, Robt. S. Lanier* and *Geo. M. Johnston,* contra.