35939.  HARDIN *v.* KNOX CORPORATION *et al.*

DECIDED JANUARY 19, 1956—REHEARING DENIED FEBRUARY 28, 1956.

*Hardin & Lynn,* for plaintiff in error.

*Earle Norman, Knox & Neal,* contra.

QUILLIAN, J. ■ The first question for consideration is the plaintiff's insistence that the amendment to the defendants' answer setting up a plea in bar in the nature of a plea puis darrein continuance was filed too late.

If the plea did come too late the verdict sustaining it should be set aside, provided the point was properly raised in the trial court, and exception was taken to the judge's ruling allowing the amendment, and overruling the motion to strike it in such manner that these rulings may be reviewed by this court.

The record does not disclose that any objection was interposed to the amendment at the time it was offered and allowed. The record shows that at the conclusion of evidence, the plaintiff did move to strike the amendment, but the record does not disclose upon what ground the motion was made. In order for the motion to have been entertained by the trial judge it was necessary that the judge be informed by the motion itself of the reasons why the amendment should be stricken. It follows that the motion to strike, which was the only objection to the amendment to be found in the record, did not sufficiently raise the question as to the timeliness of the plea embodied in the amendment. But had the motion itself been perfect and properly invoked the ruling of the trial judge as to timeliness of the amendment, this court would still not be privileged to review that ruling, because the bill of exceptions did not assign such ruling as error. It is true several grounds of the plaintiff's motion for new trial did complain that the amendment was allowed and the motion to strike it denied. In *Brown* v. *Brown,* 89 *Ga. App.* 428 (4a) (80 S. E. 2d 2) this court held: "The allowance or disallowance of an amendment to pleadings is not a proper ground of a motion for new trial."

The bill of exceptions does contain an assignment of error that the court denied the plaintiff's motion for judgment notwithstanding the verdict, one of the grounds of which complained that the trial judge erred in allowing the amendment filed, without giving

the plaintiff an opportunity to object to it and be heard on the law relative to the nature of the plea it presented.

Pretermitting discussion of whether and under what circumstances a motion for judgment notwithstanding the verdict is the appropriate way to challenge the sufficiency of pleadings, clearly this particular ground of the motion referred to was without merit. This is true because the amendment was allowed and ordered filed subject to objection and demurrer, and the motion does not disclose that the plaintiff was not then allowed ample opportunity both to object and demur to the pleadings, or was not permitted then to thoroughly inform the trial judge of his legal position.

■ The defendants' contention contained in their plea presented by way of amendment to the answer that the plaintiff by accepting a part of the proceeds of the sale so ratified the act of W. A. Hardin, Sr., as to make him the plaintiff's agent in selling the timber was not sustained by the evidence, for the reason that W. A. Hardin did not purport to act for, or on behalf of, the plaintiff in that transaction. *Morgan* v. *Georgia Paving & Const. Co.*, 40 *Ga. App.* 335 (4) (149 S. E. 426).

However the competent evidence introduced both by the plaintiff and the defendants established beyond question that after the plaintiff acquired his father's interest in the timber and his right growing out of it having been wrongfully sold by W. A. Hardin, Sr., to the Knox Corporation and when the plaintiff was fully apprised of the circumstances under which the sale was made, the illegal assumption by W. A. Hardin, Sr., of the right to sell the timber, and of his own right to repudiate the sale and recover of Knox Corporation the value both of his original interest and the interest in the timber and that acquired from his father, he accepted from the estate of W. A. Hardin, Sr., a portion of the purchase price of the timber.

The result was, as contended by the defendants in the plea set up by amendment to the answer, that the plaintiff having received and retained the fruits of the sale was estopped to deny its validity. It thus becomes apparent that the evidence not only authorized, but demanded the verdict in the defendants' favor. *Chapman* v. *Commercial National Bank*, 86 *Ga. App.* 178 (71 S. E. 2d 109); *Parks* v. *Williams*, 137 *Ga.* 578 (73 S. E. 829); *Trib-*

*ble* v. *Anderson*, 63 *Ga.* 31; *Hicks* v. *Webb*, 127 *Ga.* 170 (56 S. E. 307) ; *Roney* v. *Tutt*, 113 *Ga.* 815 (39 S. E. 293).

■ In holding that the evidence warranted and demanded a verdict for the defendants, both the general ground of the amended motion that the verdict was without evidence to sustain it and the grounds of the motion for judgment notwithstanding the verdict are disposed of adversely to the plaintiff.

■ Special grounds of the motion for new trial in proper form complain of instructions given in charge to the jury. At least one of the grounds has merit, but any error committed in charging the jury was harmless in view of the verdict for the defendant being demanded by the evidence.

■ We have reviewed the remaining grounds of the motion for new trial in which exceptions are taken to the admission and exclusion of evidence. These grounds are nine, ten and eleven.

Ground nine does reveal that the only objection interposed by the plaintiff to the admission of the evidence therein referred to was "I object", and ground ten does not show on what grounds the objection to the evidence was made. The grounds are not complete and cannot be considered.

Ground eleven of the motion for new trial complains of rulings made by the court in excluding a letter in which an offer of compromise was made. The ground is without merit.

The trial judge did not err in overruling the motion for a new trial and the motion for a judgment notwithstanding the verdict.

*Judgment affirmed.* *Felton, C. J., and Nichols, J., concur.*