36541.   PIEDMONT ENGINEERING & CONSTRUCTION CORPORATION *v.* HANNA PAINT COMPANY, INC.

DECIDED APRIL 5, 1957—REHEARING DENIED APRIL 24, 1957.

*Parks & Eisenberg,* for plaintiff in error.

*Morris W. Macey, Lipshutz & Macey, John M. Sikes, Jr.,* contra.

GARDNER, P. J. 1. The controversy regarding the amount due revolves around the theory of law regarding appropriation of payments. The check for $650 was made payable jointly to the plaintiff and the defendant Hendricks. There is evidence to show that there was money owing to both parties at the time. There is evidence that there were no instructions as to where or to whom the appropriation of payment should be made. There is evidence to the contrary. The jury resolved the case in favor of the plaintiff. In the absence of instructions, the plaintiff had a right to, and did, elect to apply the check to money owed the defendant Hendricks leaving the account of the plaintiff still outstanding, with no part of the $650 applied to that account. There is some evidence in the record that there was no objection to this procedure by a vice-president of the defendant, and some evidence to the contrary. The law covering appropriation of payments is covered by Code § 20-1006. The evidence is sufficient to show that there was money due both the plaintiff and the defendant Hendricks; that the jury had a right to believe the evidence that the check for $650 was sent without instructions and that the plaintiff had a right to apply the check to either outstanding account. See *Dye* v. *Peacock,* 5 *Ga. App.* 417 (63 S. E. 520). The evidence is sufficient to sustain the verdict as to the general grounds.

2. Special ground 1 assigns error because it is alleged that the court erred in charging as follows: "There has been some evidence permitted to go before you with respect to payment of a check by Piedmont Engineering & Construction Corporation to C. J. Hendricks and this plaintiff Hanna Paint Company, Inc. If you find there was an account between the plaintiff and these

two defendants and that a sum of money was paid by the obligor, that is, Piedmont Engineering & Construction Corporation without any directions as to how it should be applied, then the person receiving that payment would be permitted to apply it wherever it might elect. On the other hand, if there were specific directions as to how the payment should be applied and to what account and to what obligation, then, the person receiving the payment would be obligated to apply it as directed." Counsel for the defendant cited *Henderson* v. *Maysville Guano Co.*, 15 *Ga. App.* 69 (82 S. E. 588), as being authority for the reversal of the case at bar. The facts in the *Henderson* case are somewhat different from the facts of the case at bar. The facts of the case at bar appear at first reading to be conflicting, but further study shows that the jury arrived at the conclusion that the check was correctly distributed and the jury's verdict was correct. The court based the charge in question on the same evidence relied on by the jury. Realizing that perhaps the following statement is obiter dictum, we are constrained to say: That it is our opinion that had the court not so charged, error could have been properly assigned and sustained upon an assignment of error for refusal to so charge. The court did not err in charging as set forth in this special ground.

*Judgment affirmed. Carlisle, J., concurs. Townsend, J., concurs specially.*

TOWNSEND, J., concurring specially. The testimony of employees of the plaintiff company was to the effect that it had an agreement with Piedmont Engineering & Construction Corporation to the effect that materials obtained by Hendricks would be billed jointly to Piedmont and Hendricks, and that Piedmont would pay the account with checks payable jointly to the plaintiff and Hendricks, and that the paint was "signed over jointly" to both defendants; that the plaintiff agreed, in return for Piedmont's acceptance of liability, to make a better price on the paint for the job; that this was in accordance with other agreements which the plaintiff and Piedmont had made on other jobs, and that the plaintiff takes out its money before cashing the check for the subcontractor. The witness also testified that when Hendricks brought in the check in question he called Mr. Levy of

608

Piedmont Corporation to inform him that he did not have the money to cash the check, and Levy then instructed the witness to give it all to Hendricks, which he did by endorsing the check and returning it to him. Later Levy left the Piedmont Corporation and Hendricks was discharged by Goldberg who succeeded Levy. After this Piedmont Corporation returned to the plaintiff certain paints purchased by Hendricks, and a credit for this amount was made on the joint account. Hendricks corroborated the plaintiff's witnesses to the effect that the Piedmont Corporation agreed to be jointly responsible for the debts incurred, as also did Levy who appeared as a witness for the plaintiff. Levy also corroborated the telephone conversation relative to the joint check, to the effect that he had told the plaintiff to endorse it over to Hendricks if he wanted to but that the amount represented the total amount of money to which Hendricks was entitled for the week. There is in the record no evidence contradicting this testimony. Accordingly, a verdict finding Piedmont Engineering & Construction Corporation jointly liable with Hendricks for materials furnished by the plaintiff is demanded on the theory that the plaintiff refused to extend credit except to both defendants jointly, and that both of them accepted a joint liability.

The majority opinion is written on the theory that Code § 20-1006, providing that "when a payment is made by a debtor to a creditor holding several demands against him . . . the creditor has the right to appropriate at his election" where the debtor fails to do so. This Code section is not applicable here, for the creditor does not hold "several demands" against either or both of the defendants. The creditor held one demand against both defendants, and could therefore, at his option, postpone payment of this demand to himself by allowing his debtor, Hendricks, to postpone payment of the debt then accrued ($495) and during the week represented by the check in question. Accordingly, it was error, as contended in the special ground of the motion for a new trial, to charge the provisions of Code § 20-1006, which was irrelevant to the issues made, but this error was harmless because the verdict was in any event demanded by the evidence. *Shaw* v. *Crawford*, 208 *Ga.* 595 (68 S. E. 2d 598); *Lunsford* v. *Armour*, 194 *Ga.* 53 (2) (20 S. E. 2d 594).

The writer concurs specially for the reason that in his opinion the case as written suggests that an owner or contractor who has had no agreement with a materialman cannot protect himself by making out checks jointly to the contractor or subcontractor and a laborer or materialman furnishing goods or services to the latter. The writer does not understand this to be the law and no such question is involved in this record. In the absence of an agreement to be jointly liable, payment to a subcontractor and materialman jointly when received by the materialman, constitutes payment to the latter, and he cannot relinquish the money and still claim the debt except by the consent of the parties as in this case.