40429. BROOME v. GENERAL GAS CORPORATION.

DECIDED JANUARY 9, 1964.

*Thurmond, Hester, Jolles & McElmurray, Isaac S. Jolles,* for plaintiff in error.

*Hull, Willingham, Towill & Norman, Robert C. Norman, James M. Hull, Jr., A. Rowland Dye,* contra.

JORDAN, Judge. It was the contention of the plaintiff that the butane gas which was improperly contained in the mixture supplied by the defendant condensed in the supply line of her gas system and that the explosion and fire occurred when a "slug" of this condensed butane gas entered one of the gas appliances, a hot water heater, which was connected to said supply line and came in contact with the flame in said appliance. The defendant gas company contended on the other hand that it had supplied the plaintiff with "commercially pure" propane gas which contained such an insignificant amount of butane gas that the explosion and fire could not possibly have occurred in the manner theorized by the plaintiff. Under these circumstances the determination of the composition of the gas supplied by the defendant was of primary importance; and in this regard, the record discloses that samples of said gas were taken by both parties from the plaintiff's storage tank after the fire, and delivered to experts for analyses.

The sample taken in behalf of the plaintiff was analyzed by Professor W. L. Thomas of Southern Technical Institute who testified that in his opinion the gas tested by him was a propane-butane mixture which contained approximately 89.4 percent propane and 10.6 percent butane by molecular weight and 87.5 percent propane and 12.5 percent butane by volume. Professor Thomas qualified his findings, however, by his testimony that the tests performed by him were limited and were not designed to give exact calculations of the contents of the sample of gas tested. He further testified that in order to make a proper test which would give exact findings, one would have to use a chromatigraph device which was not available to him for use. Professor Thomas testified that with the use of a chromatigraph, an exact determination could be made, both qualitatively and quantitatively, as to the contents of the gas tested.

The sample taken in behalf of the defendant was analyzed by Dr. Charles Boozer of Emory University and he testified that he used a chromatigraph in making his analysis; and that the test disclosed that the gas in its liquid state was 95.5 percent propane, 2.6 percent iso-butane and 1.9 percent butane, and in its vapor state, 99.5 percent propane, .2 percent iso-butane and .3

percent butane. The testimony of Dr. Boozer further showed that commercial propane gas, by technical grade requirements, is not pure propane but normally contains small amounts of iso-butane and butane; and that the gas tested by him was well within the limits of commercial propane. The testimony of the witnesses for both parties was in agreement that there would only be negligible condensation of no effect in gas containing the amount of butane found by Dr. Boozer in his test.

In view of the testimony of Professor Thomas, a witness for the plaintiff, as to the relative merits of the analysis made by him and of an analysis made with the use of a chromatigraph, as performed by Dr. Boozer, it is our opinion that the findings presented by Dr. Boozer must be deemed uncontradicted; and said results when viewed in the light of all the evidence adduced on the trial of the case, conclusively showed that the gas supplied the plaintiff by the defendant was not an improper mixture of propane and butane, as alleged by the plaintiff in her petition.

Under these circumstances, the verdict for the defendant was demanded by the evidence, and consequently, it is unnecessary to consider the special grounds of the amended motion for new trial. *Shaw v. Crawford,* 208 Ga. 595, 598 (68 SE2d 598); *Hardin v. Knox Corp.,* 93 Ga. App. 491, 497 (92 SE2d 249).

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*