## 34197. PAYNE v. PAYNE.

PER CURIAM.

The appellant and appellee are legatees under the will of the appellant's deceased husband. The appellee is also the qualified executor under the will. Three days after the husband's death the appellant appeared at the office of an attorney for the purpose of hearing the will and codicil read. After hearing both, she signed an acknowledgment of service and consent for immediate probate of the will in solemn from. On that same date the will was admitted to probate in solemn form. Approximately one month later she filed an appeal to the superior court without having filed any objection or caveat in the probate court. The appellee filed a motion to dismiss the appeal. On the date set for a hearing, appellant filed a petition in equity to set aside the probate alleging mental incapacity of the deceased to execute the codicil and irregularities in the signatures of the witnesses on the petition to probate and on the codicil. The trial court dismissed both the appeal from the probate court and the equitable petition on the ground of estoppel.

We agree and affirm. The appellant knew of the contents of the will and codicil but still acknowledged service and consented to immediate probate of the will. She has not attacked the validity of her acknowledgment. See *Dennis v. McCrary,* 237 Ga. 605 (229 SE2d 367) (1976); *West v. Downer,* 218 Ga. 235 (3) (127 SE2d 359) (1962). Under these facts, appellant has not demonstrated her diligence, and she is bound by the judgment of the probate court. Code Ann. § 113-602; *Rigby v. Powell,* 233 Ga. 158 (3) (210 SE2d 696) (1974); *Charles v. Simmons,* 215 Ga. 794 (113 SE2d 604) (1960).

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 3, 1978 — DECIDED DECEMBER 5, 1978.

*James M. Barnes,* for appellant.
*Eugene F. Edge,* for appellee.