S95A1141. HANSON et al. v. TALLANT et al.
(461 SE2d 225)

FLETCHER, Presiding Justice.

Fred Tallant and others are co-owners of a tract of land that is landlocked. Tallant brought suit against Mary Hanson and other property owners to condemn a private way across the Hanson property to gain access to the public road. The trial court granted the petition.* Hanson appeals contending that another private way already exists and therefore the private way across the Hanson property is not necessary. We affirm because Hanson had the burden of showing that other reasonable access existed, and the record reflects

---

* At a hearing held pursuant to OCGA § 44-9-43, the trial judge found that no reasonable means of access existed and ordered the parties to name assessors. After the assessors made their award, neither Hanson nor any other party appealed under OCGA §§ 44-9-44 and 44-9-46 to seek a jury determination of damages, Tallant's "right to have a private way established," or its "location or width." This appeal is from the final judgment entered after the time to seek a jury determination expired.

that Hanson did not meet this burden.

Since the parties agree that the Tallant property is landlocked, the burden shifted to Hanson to prove that Tallant had a reasonable means of access to a public road.[2] Hanson contends that a private way, known as the Old Woodall Road, exists and provides access from the public road to Tallant's property. Tallant had previously brought action against Hanson and others to remove an obstruction on the Old Woodall Road. Hanson opposed that action and the probate court denied the petition. Based on conflicting affidavits presented in the probate court action and relied upon by Hanson in this action, the trial court found that she failed to meet her burden of proof. We have reviewed the record and conclude that the evidence supports the trial court's findings of fact and they are not clearly erroneous, and that the trial court properly applied the law to these facts.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 11, 1995.

*Crim & Bassler, Harry W. Bassler,* for appellants.
*Wanda B. David,* for appellees.

