### A96A1993. DANIEL v. LIPSCOMB.
#### (483 SE2d 325)

BLACKBURN, Judge.
 Monica I. Daniel appeals the probate court's denial of her petition to set aside its order admitting her late mother's will to probate. The will disinherited Daniel, and was admitted to probate after she executed an acknowledgment and assent to probate which had the legal effect of waiving all her objections to the will. In this discretionary appeal, Daniel seeks to revoke the probate of the will based upon fraud and mutual mistake of fact in her execution of the acknowledgment and assent.
 The facts show that Daniel is the sole heir at law of Bojana J. Crum. Following Crum's death in May 1995, Henry Lipscomb, the propounder of the will and later the executor of the estate, sought to probate the will in solemn form. Lipscomb notified Daniel that he was in possession of the will, and informed her that the will disinherited her and put all of her late mother's property into trust for Daniel's children. He faxed Daniel a copy of an acknowledgment of service and assent to probate instanter, and requested her signature on it. This document stated that "the undersigned . . . hereby acknowledge[s] service of the petition to probate said will in solemn form and notice . . . and hereby assent[s] to the probate of said will in solemn form without further delay." This document had the dual purpose of allowing Lipscomb to probate the will while simultaneously waiving the signer's rights to challenge the will once probated.
 Although he provided her with a copy of the acknowledgment and assent for her signature, Lipscomb did not provide Daniel with a copy of the petition to probate or a copy of the will itself. Daniel repeatedly requested that Lipscomb provide her with a copy of the will. Lipscomb refused these requests, assured Daniel that he was in possession of the original will, and informed her that she could not have a copy of the will until it had been probated. He also informed her that her signature on the acknowledgment and assent would prevent the sheriff from having to personally serve her with a copy of the petition to probate. Daniel asserts that in reliance upon these representations, she signed the acknowledgment without ever having had the opportunity to read the will.
 Following the probate of the will, Daniel read the will and discovered that Lipscomb had correctly represented to her that the will disinherited her. She then filed a caveat to the will, and learned that

by signing the acknowledgment, she had waived all her objections to the will. Her motion to set aside the petition admitting the will to probate followed, and was denied by the trial court.

1. Daniel contends that the acknowledgment and assent should have been set aside based on mutual mistake of fact.[1] She alleges that both she and Lipscomb were mistaken as to the effect of execution of the acknowledgment and assent. According to Daniel, they both mistakenly believed that the sole effect of her execution of the acknowledgment and assent was to prevent the sheriff from having to personally serve her with a copy of the petition to probate the will.

In order to justify relief in equity to a party claiming mistake, "the evidence should be clear, unequivocal, and decisive as to the mistake. . . . [O]n the ground of *mutual mistake*, equity will not reform a written contract unless the mistake is alleged and proved to be the mistake of *both parties*." (Emphasis supplied.) *Scurry v. Cook*, 206 Ga. 876, 879-880 (59 SE2d 371) (1950); see also OCGA § 23-2-21 (c). "[A] mutual mistake is one which is reciprocal and common to all of the parties to the transaction." Id. at 879.

Although Daniel may have mistakenly believed that her signature on the acknowledgment operated solely to prevent her from being personally served, she has not shown by clear and unequivocal evidence that Lipscomb shared her mistake. The evidence, provided by Daniel's own affidavit, indicates that Lipscomb understood Daniel's signature on the acknowledgment to have a wider effect than only preventing personal service by the sheriff: the signature actually allowed him to *probate the will*. Because Daniel's mistaken belief as to the sole effect of her signature on the acknowledgment was not reciprocal and common to Lipscomb, Daniel is not entitled to set aside the acknowledgment and assent to probate based upon mutual mistake of fact.

2. Daniel argues that because Lipscomb was the executor of the estate, he had a fiduciary duty to tell her the truth regarding the legal effect of her signature on the acknowledgment of service and assent to probate. The probate court rejected this argument, and found that because Lipscomb was not the executor of the estate when the alleged fraud occurred, no such fiduciary duty could have existed. Daniel enumerates this finding as error.

The record indicates that in reliance upon Lipscomb's represen-

---

[1] Although Daniel's argument extensively addresses mistake on behalf of one party and fraud on behalf of the other, her enumeration of error addresses only mutual mistake of fact, and our review is limited accordingly. "On appeal an enumeration of error cannot be enlarged by a brief to give appellate viability to an issue not contained in the original enumeration." (Punctuation omitted.) *Bob v. Hardy*, 222 Ga. App. 550, 554 (5) (474 SE2d 658) (1996).

tations regarding the acknowledgment and assent, Daniel signed that document on June 6, 1995. At this time, Lipscomb had not qualified as the executor of the estate, and he was still only the propounder of the will. More than 20 days after the alleged fraud occurred, on June 28, 1995, Lipscomb qualified as executor of the estate.

Although Daniel is correct that an executor is a fiduciary who owes a duty of confidentiality and "the utmost good faith" to those to whom he administers, see *Liner v. North*, 188 Ga. App. 677, 678 (373 SE2d 846) (1988), the law confers no such fiduciary and confidential status on the propounder of a will prior to his qualification by the court as executor. See *Charles v. Simmons*, 215 Ga. 794, 795-796 (113 SE2d 604) (1960); *Ingram v. Rooks*, 221 Ga. 701, 702 (146 SE2d 743) (1966). This is so even where, as here, the propounder is named as executor in the will itself. See *Simmons*, supra at 795-796. Inasmuch as Lipscomb was not the executor of the will when the alleged fraud occurred, he breached no executor's duty to tell Daniel the truth regarding the effect of her signature on the acknowledgment and assent to probate.

Lipscomb's lack of executor status notwithstanding, the failure to tell the truth can in some instances constitute fraud. "The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by the plaintiff, and damage to the plaintiff." (Punctuation omitted.) *Eason Publications v. NationsBank of Ga.*, 217 Ga. App. 726, 730 (3) (458 SE2d 899) (1995). The probate court found that Daniel failed to exercise due diligence in signing the acknowledgment and assent, and therefore her reliance upon Lipscomb's representations was not justifiable. In reviewing this finding, we note that questions of due diligence are most often reserved for the trier of fact, and when, as in this case, the trial court sits as the finder of facts, its findings will not be disturbed unless clearly erroneous. See *Jung v. Cheoun*, 216 Ga. App. 490, 492 (455 SE2d 310) (1995); *Hanson v. Tallant*, 265 Ga. 669, 670 (461 SE2d 225) (1995).

With respect to the justification of Daniel's reliance upon Lipscomb's assertions as to the effect of her signature, the acknowledgment itself clearly states that Daniel "hereby assent[s] to the probate of said will in solemn form without further delay." Although Lipscomb may have told Daniel that signing the form would only avoid personal service of the form by the sheriff, this assertion does not go to the *contents* of the form itself. As the probate court noted in its order, Daniel is charged with having actually read what she signed, and the document plainly states that it is an assent to probate. If Daniel did not know what an assent to probate was, she had the duty to exercise due diligence to find out before agreeing to it. As Daniel

could easily have determined from reading the acknowledgment and assent, its purpose was broader than the prevention of personal service by the sheriff, and Daniel's reliance upon Lipscomb's representations in this regard was not justified.

This is so notwithstanding the fact that Lipscomb did not provide Daniel with a copy of the will before she assented to its probate. Daniel admits that Lipscomb told her prior to her signature on that document that the will disinherited her and put all of her mother's property in trust for Daniel's children. Armed with this knowledge, she did no more than make several requests of Lipscomb for a copy of the will. The trial court found that these requests did not amount to due diligence. Daniel failed to compel production of the will from Lipscomb pursuant to OCGA § 53-3-3, and in the two weeks that elapsed between her signature on the acknowledgment and assent and the probate of the will, she had "ample time to discover the fraud and prevent the consequences by the exercise of proper diligence." *Simmons,* supra at 796. Furthermore, Daniel could simply have refused to sign the assent without first being provided a copy of the will.

Daniel is not entitled to set aside the probate of a will she assented to with knowledge that it disinherited her, when she failed to exercise reasonable diligence under the circumstances to obtain a copy of the will. Cf. *Hightower v. Williams,* 104 Ga. 608, 610 (30 SE 862) (1898) (disinherited children should exercise diligence with regard to their parents' wills). Furthermore, inasmuch as she knew that the will disinherited her before she signed the acknowledgment and assent to probate, she has failed to show how she was harmed by Lipscomb's refusal to show her a copy of the will. As the probate court's findings that Daniel failed to exercise due diligence are not clearly erroneous, we must therefore affirm its finding on this issue.

3. We need not address Daniel's remaining two enumerations of error, as neither contains any citation of authority or references to the record. See Court of Appeals Rule 27 (c) (2) and (c) (3) (i).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 17, 1997 —
RECONSIDERATION DISMISSED MARCH 5, 1997 — 

*Kevin J. Rodgers,* for appellant.

*Loewenthal, Jackson & Brown, Robert J. Loewenthal,* for appellee.