S03A0861. GAW v. TELFAIR COUNTY BOARD OF COMMISSIONERS et al.
(587 SE2d 50)

HINES, Justice.

Edward R. Gaw appeals from an order dismissing his petition for mandamus, injunction, and damages. For the reasons that follow, we affirm in part and reverse in part.

Gaw is a resident of Florida who owns land in Telfair County. He

filed a petition for mandamus, injunction, and damages, asserting that his property is accessible solely by a county road, and that the road is obstructed by a gate placed by Ussery. He asserted that the County had refused to take any action to ensure that the road be kept open. Named as defendants were the Telfair County Board of Commissioners ("County") and Ussery.

1. OCGA § 9-6-21 (b) provides:

> On the application of one or more citizens of any county against the county board of commissioners where by law supervision and jurisdiction is vested in such commissioners over the public roads of such counties and the overseers of the public roads complained of; or against the judge of the probate court where by law supervision, control, and jurisdiction over such public roads is vested in the judge and the overseers of the public roads that may be complained of; or against either, both, or all of the named parties, as the facts and methods of working the public roads in the respective counties may justify, which application or action for mandamus shall show that one or more of the public roads of the county of the plaintiff's residence are out of repair; do not measure up to the standards and do not conform to the legal requirements as prescribed by law; and are in such condition that ordinary loads, with ordinary ease, cannot be hauled over such public roads, the judges of the superior courts are authorized and given jurisdiction and it is made their duty, upon such showing being made, to issue the writ of mandamus against the parties having charge of and supervision over the public roads of the county; and to compel by such proceedings the building, repairing, and working of the public roads as are complained of, up to the standard required by law, so that ordinary loads, with ordinary ease and facility, can be continuously hauled over such public roads. The judges of the superior courts shall, by proper order, in the same proceedings compel the work done necessary to build, repair, and maintain such public roads up to the standard so prescribed.

Relying upon this Code section, the trial court dismissed the petition, as Gaw was a resident and citizen of Florida, and not of Telfair County, and therefore had no standing to bring the mandamus action.

Gaw contends that OCGA § 9-6-21 (b) violates the equal protection clauses of the Federal and Georgia Constitutions, in that it makes mandamus an available remedy to county residents, but

denies it to those who, like him, are not county residents but nonetheless own land which they must be able to access. However, any such question no longer exists. The record shows that, after the trial court entered the order from which Gaw appeals, the Telfair County Board of Commissioners abandoned all County interest in the road at issue.[1] Accordingly, the road is no longer a "public road" within the meaning of OCGA § 9-6-21 (b), and the issue of the constitutionality of OCGA § 9-6-21 (b) is moot. See *Collins v. Lombard Corp.*, 270 Ga. 120 (508 SE2d 653) (1998).

2. In addition to the petition for mandamus, Gaw requested an injunction to prohibit the defendants, including Ussery, from obstructing or interfering with the road, and damages for the obstruction. The trial court dismissed the entire action, stating that it was granting "both Defendant Telfair County Commissioner's [sic] and Defendant Ussery's Motions to Dismiss." But the record does not show any motion to dismiss filed by Ussery.[2] The court's dismissal order discusses only the mandamus issue. No basis for dismissing the action against Ussery is advanced, none was offered in the pleadings below, and Ussery's only argument on appeal is that any claim against her is dependent upon Gaw's claims under OCGA § 9-6-21. But there is no basis for this assertion. "A writ of mandamus may issue to compel a due performance of an official duty. OCGA § 9-6-20. It is 'the remedy for inaction of a public official.' *Hilton Constr. Co. v. Rockdale County Bd. of Ed.*, 245 Ga. 533 (4) (266 SE2d 157) (1980)." *Brissey v. Ellison*, 272 Ga. 38, 39 (526 SE2d 851) (2000). The trial court's determination of the availability of mandamus relief was inapplicable to Ussery; therefore the trial court's dismissal of the injunction and damages claims against Ussery is reversed. Similarly, any claim Gaw may have against the County for injunctive or monetary relief is unaffected by the mandamus analysis, and dismissal of those claims is likewise reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED OCTOBER 6, 2003.

*Salter, Shook, Morrison & Hamilton, John E. Morrison*, for appellant.

---

[1] In his petition to the trial court, Gaw asserts that the County had not, at that time, complied with the road abandonment procedures of OCGA § 32-7-2 (b) (1). He does not raise any such issue concerning the subsequent abandonment.

[2] In the conclusion of her answer to the complaint, Ussery did pray that the court dismiss the petition, but no ground for such an action was advanced.

*Tom K. Smith, Mark W. Straughan*, for appellees.