A07A1470. IN RE ESTATE OF BRICE.
(654 SE2d 420)

BERNES, Judge.

Janice B. Stout appeals from the probate court's dismissal of her caveat to the last will and testament of her mother, Margretta K. Brice, and petition for removal of her brother, Stephen Curtis Brice, as executor of their mother's estate. The probate court dismissed Stout's action without first conducting a hearing. Stout argues both that the probate court lacked the authority to dismiss the action and that it misapplied the law in so doing. For the reasons that follow, we affirm.

We review de novo the probate court's dismissal. *Daly v. Mueller*, 279 Ga. App. 168 (630 SE2d 799) (2006).

> We sustain the dismissal if the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts asserted in the complaint and if the movant establishes that the plaintiff could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

(Citation omitted.) Id.

The facts are as follows. Stout and Brice are the adult children of Margretta K. Brice, who passed away on November 6, 2005. On December 20, 2005, Brice, as executor of the estate, filed a petition to probate will in solemn form, proffering the last will and testament of the decedent. Brice and Stout were the sole beneficiaries under the will. Brice also filed an acknowledgment of service and assent to probate instanter executed by Stout.

On that same day, the probate court issued letters testamentary of the decedent's estate to Brice, as executor, and accepted the will for

probate in solemn form. Pursuant to the terms of the will, Stout was to inherit a cash bequest of $100,000 and the rest, residue, and the remainder of the decedent's estate and property was devised to Brice in fee simple.

On September 6, 2006, Stout filed in the probate court a caveat and petition for removal of Brice as executor. Stout alleged that the probated will was invalid because her mother was in an advanced state of dementia at the time of its execution; that she and Brice had entered into a separate contractual agreement regarding the distribution of the estate; and that Brice used the contractual agreement to fraudulently induce her signature on the assent to probate, thereby committing fraud and/or a breach of fiduciary duty. Stout moved the probate court to dismiss Brice's petition to probate the will, thereby declaring the will void, or, alternatively, to find the alleged contractual agreement between the parties valid and enforceable; to remove Brice as executor of the estate and appoint an administrator to distribute the assets of the estate either according to the laws of descent and distribution (if it determined the will void), or pursuant to the terms of the alleged contractual agreement (if it determined the will valid); and to issue a restraining order prohibiting Brice from selling certain real property that had been part of the estate.

Brice filed a timely response to Stout's motion, in which he asserted the following relevant affirmative defenses: the probate court lacked subject matter jurisdiction to determine the enforceability of an alleged agreement between the parties to which the decedent was not a party; Stout failed to state a claim upon which relief could be granted; any challenge to the validity of the will was time-barred under OCGA § 53-11-6 (b); Stout's execution of the assent to probate waived her claims; Stout was estopped from asserting her claims based upon her execution of the assent to probate; and Stout's claims were barred by her actual and/or constructive knowledge.

The probate court then issued two orders in the case. In the first order, which is the subject of the instant appeal, the probate court dismissed Stout's caveat based upon the fact that the decedent's will had been previously proven in solemn form and the letters testamentary had already been issued to Brice. The court specifically held that:

Janice Stout assented to the petition to probate in solemn form and therefore waived any objection to the petition. OCGA § 53-11-6. The [will] was proven in solemn form and Letters Testamentary were issued to Stephen Curtis Brice

on December 20, 200[5].[1] The issue of devisavit vel non has been adjudged by Order of this Court dated December 20, 2005 and the issue is res judicata. Therefore, the caveat to the [will] is hereby dismissed.

. . .

[Stout] assented to the petition to probate in solemn form and is charged with the duty to exercise due diligence in doing so. *Daniel v. Lipscomb*, 225 Ga. App. 135 (483 SE2d 325) (1997). The petition to remove the executor and appoint an administrator is hereby dismissed.

(Punctuation omitted.)

In the second order, the probate court held that it lacked subject matter jurisdiction to consider the issues raised by Stout related to the validity and enforcement of the parties' alleged contractual agreement and Stout's request for equitable injunctive relief. It therefore transferred those issues to the superior court. Stout does not appeal the second order.

1. Stout argues that the probate court dismissed the caveat sua sponte and asserts that it did not have the authority to do so and, in any event, that the probate court misapplied the law governing the dismissal. We disagree.

As an initial matter, we note that although the probate court dismissed Stout's caveat without a hearing, the grounds upon which it did so were raised by Brice in his answer. Nonetheless, the Georgia Constitution confers upon the probate court as a court of record the authority to "exercise such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments." Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. This authorization includes the authority to dismiss, sua sponte, a motion that the court can otherwise determine from the pleadings cannot succeed as a matter of law. See, e.g., *Kelley v. Lymon*, 279 Ga. App. 849, 850 (1) (632 SE2d 734) (2006) (trial court authorized to dismiss a complaint on its own motion after finding that the plaintiff had not sought to diligently serve the defendant prior to the expiration of the statute of limitation when the defendant had raised the issue of defective service in his answer); *Ga. Receivables v. Williams*, 218 Ga. App. 313 (2) (461 SE2d 280) (1995) (affirming the trial court's sua sponte dismissal of the plaintiff's complaint as

---

[1] The order indicates that this occurred on December 20, 2006. It is clear from the record, however, that the date contained a typographical error, and that the events had actually occurred on December 20, 2005.

time-barred after the defendant's answer placed plaintiff on notice of its intent to use the statute of limitation as an affirmative defense); *Chip Kassinger, Inc. v. Steimer*, 205 Ga. App. 349, 351 (2) (422 SE2d 241) (1992) (dismissing a party sua sponte after discovering that no liability could extend to that party based upon the allegations in the plaintiffs' complaint); *Ga. Receivables v. Kirk*, 242 Ga. App. 801, 801-802 (1) (531 SE2d 393) (2000) (granting defendant summary judgment sua sponte because the contract on which the plaintiff was suing was void as against Georgia public policy, even though defendant failed to raise the issue). Compare *Gaw v. Telfair County Bd. of Commrs.*, 277 Ga. 157, 159 (2) (587 SE2d 50) (2003) (reversing the sua sponte dismissal of potentially meritorious claims); *Focus Healthcare Med. Center v. O'Neal*, 253 Ga. App. 298, 299 (a) (558 SE2d 818) (2002) (reversing trial court's sua sponte dismissal of an action based upon its own assertion of an affirmative defense that could have otherwise been waived by the defendant).

In the instant case, the pleadings affirmatively established that Stout's dismissed claims were fatally defective. Stout filed a caveat to her deceased mother's will nearly nine months after the will had been probated in solemn form by order of the probate court. "The probate of a will in solemn form, until reversed or set aside, is conclusive upon all the parties notified." (Citations and punctuation omitted.) *Byrd v. Riggs*, 209 Ga. 930 (1) (76 SE2d 774) (1953). See also OCGA § 53-5-20; *Dennis v. McCrary*, 237 Ga. 605, 606 (2) (229 SE2d 367) (1976). OCGA § 9-11-60 (d) (2) provides the proper vehicle for setting aside a judgment based upon "[f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant." Accord *Marshall v. Russell*, 222 Ga. 490, 495-496 (3) (150 SE2d 667) (1966); *Byrd*, 209 Ga. at 930 (4). Because Stout did not move to set aside the probate court's order pursuant to OCGA § 9-11-60 (d), the probate court was authorized to dismiss the caveat and petition for removal.

Even if this Court were to construe Stout's filing as a motion to set aside, it remained subject to dismissal. See *Herringdine v. Nalley Equip. Leasing*, 238 Ga. App. 210, 211 (1) (517 SE2d 571) (1999). By signing the letter of assent, Stout consented to the immediate probate of the will. And, the probate in solemn form conclusively "establish[ed] that the deceased died testate, that the paper propounded was [her] last will, that it was executed according to law, that [she] had sufficient mental capacity, and that at the date of the judgment of probate it was unrevoked." *Sutton v. Hancock*, 118 Ga. 436, 441 (45 SE 504) (1903). See OCGA § 53-11-6 (b); *In re Estate of Corbitt*, 265 Ga. 110 (454 SE2d 129) (1995). Stout has not alleged that she lacked knowledge of any of the facts related to her mother's physical condition at the time that she assented to probate. And, as the probate

court noted, even if she had, she was charged with the duty to exercise due diligence to discover relevant facts prior to signing the letter of assent. *Payne v. Payne*, 242 Ga. 694 (251 SE2d 283) (1978); *Daniel*, 225 Ga. App. at 136-138 (2). She was therefore precluded from asserting that the will was invalid due to her mother's mental capacity. *Payne*, 242 Ga. at 694; *West v. Downer*, 218 Ga. 235, 239-240 (3) (127 SE2d 359) (1962).

The fact that Stout contends that she was fraudulently induced into signing the assent to probate does not change this result. Stout does not allege that Brice induced her to sign the document based upon any misrepresentation of fact related to the contents of the will itself or that she was otherwise deceived as to the document that she was signing. Cf. *West*, 218 Ga. at 239-240. Compare *Daniel v. Daniel*, 242 Ga. 479, 480 (3) (249 SE2d 263) (1978); *Dennis*, 237 Ga. at 606-607 (4). Rather, her allegation is that the distribution of the estate should be controlled by a separate contractual agreement between the parties. And, the probate court determined that it lacked subject matter jurisdiction to consider the existence and enforceability of such a contractual agreement — a determination not challenged by Stout on appeal. Hence, we find no error in the probate court's dismissal of the caveat. See *West*, 218 Ga. at 241 (5).

2. Stout also argues that the probate court erred in dismissing her petition to remove Brice as executor of the estate.[2] Again, we disagree.

The probate court may, in its discretion, remove an executor upon the petition of an interested person if it determines that "good cause" exists to do so. OCGA § 53-7-55. As set forth in her petition, Stout's assertion that Brice should be removed presupposes one of two conditions. The first is a determination by the probate court that the will is void, in which case Stout contends that Brice should be replaced by an administrator to distribute the assets of the estate according to the laws of descent and distribution. Our holding in Division 1 of this opinion resolves this issue against Stout.

The second is a determination that the assets of the estate should be distributed in accordance with the terms of the alleged contractual agreement between the parties. But, as noted in Division 1, the probate court concluded that it lacked subject matter jurisdiction to consider the existence and/or enforceability of that agreement, and Stout has not appealed that decision.

---

[2] Stout argues that the probate court's denial of her petition to remove Brice as executor was based upon a misapplication of *Daniel*, 225 Ga. App. 135. The probate court's order, however, does not indicate if, and to what extent, it relied upon *Daniel* to support its ruling. We nonetheless conclude that the probate court's conclusion was not erroneous.

Likewise, Stout's claim that Brice breached his fiduciary duty by refusing to distribute the assets of the estate in accordance with the alleged contractual agreement must fail. It, too, is dependent upon the finding of and breach of a binding contractual agreement between the parties, a finding that Stout concedes the probate court lacked jurisdiction to make.

Because it was clear on the face of the petition before the probate court that Stout's allegations were fatally deficient, the probate court did not err in dispensing with her claims without a hearing. *Kelley*, 279 Ga. App. at 850 (1); *Williams*, 218 Ga. App. at 313 (2); *Chip Kassinger, Inc.*, 205 Ga. App. at 351 (2).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 16, 2007.

*Michael E. Sumner*, for appellant.

*Jampol, Schleicher, Jacobs & Papadakis, Steven M. Jampol*, for appellee.